JACOB SPANGLER, Plaintiff in Error, *v.* THE INDIANA AND ILLINOIS CENTRAL RAILWAY COMPANY, Defendant in Error.

### ERROR TO MACON.

An averment that the plaintiff was, and still is a body corporate and politic, etc., is sufficient in an action to recover subscriptions of stock to a railway company, especially where the declaration is demurred to.

In order to recover subscriptions to stock in a railway company, which is to be called for in proportions, it must appear that the installments were called for periodically ; and not that the assessments therefor were all made at one time, without notice of previous assessments.

Assessments, as understood in such contracts, mean a rating by the board of directors, by installments, of which notice is to be given. After notice has been given, and the period for payment has passed, an action will lie for the aggregate amount.

On an overruled demurrer to a declaration filed to recover stock subscriptions, if the party does not ask permission to plead over, it is proper for the clerk to assess damages.

THIS judgment was pronounced upon a subscription to stock, reciting that, " We, the undersigned, promise to pay to the Indiana and Illinois Central Railway Company, fifty dollars for each share of capital stock set opposite to our names, in such manner and proportion, and at such times as the directors of said company may order and direct, without any relief whatever from valuation or appraisement laws." The pleadings in the case are stated in the opinion of Mr. Justice BREESE.

On the overruling of the demurrer to the first and second counts of the declaration, the plaintiff below entered a *nolle prosequi* on the common counts, and the court gave him judgment for twelve hundred and fifty dollars—amount of subscription for twenty-five shares of stock.

The defendant below sued out this writ of error, and assigned for errors, the overruling of the demurrer to the first and second counts of the declaration, and the rendering of final judgment for the plaintiff.

A. B. BUNN, for Plaintiff in Error.

A. J. GALLAGHER, for Defendant in Error.

BREESE, J. The first objection is, that the declaration is insufficient. It is urged that the declaration should have averred by what law, or laws, the plaintiff existed as a corporation — that the mere statement that the plaintiff was a corporation, is not sufficient.

There is no ground for this objection. There is an averment that the plaintiff at the time, etc., was, and still is, a body corporate and politic, " created under the name and style aforesaid."

By demurring, the defendant admits the fact as averred. If he would deny the existence of such a corporation, he should have put in a plea for that purpose, either in abatement or in bar. *The Society for the propagation of the Gospel* v. *The Town of Pawlet and Ozias Clark,* 4 Peters R. 480 ; *McIntire* v. *Preston,* 5 Gilm. R. 58, and cases there cited.

Another objection is, that the declaration does not aver that the board of directors had ordered ten installments of ten per cent. each, on every share subscribed, amounting to the defendant's full subscription, and had given the defendant notice of it, nor does it aver the time and place when and where the order of assessment was made, and the particular amount of each assessment.

We have decided, (*Barret* v. *The Alton and Sangamon R. R. Co.,* 13 Ill. R. 504,) that where the power to require payment from subscribers to stock, is vested in a board of directors, an action will not lie to recover installments until the board has directed the call to be made, and due notice of the amount, and the time and place of payment have been given, the subscribers being in no default until these requirements of the charter have been performed.

The undertaking of the defendant is, to pay to the company fifty dollars for each share of capital stock subscribed, in such

manner and *proportion*, and at such times as the directors of the company may order and direct. The averment is, that "before bringing the suit, the defendant, by the directors of said body corporate and politic, was duly required and notified to pay the company, as installments on his subscription of stock, ten assessments of ten per cent. each, amounting in the whole to the sum of twelve hundred and fifty dollars, and being the *amount* in *full* of stock subscribed by the defendant, and the same was personally demanded of him."

In the second count it is averred, that ten installments of ten per cent. each, amounting to $1,250, due on the stock by defendant, had been called for by the board of directors of the corporation, of which the defendant then and there had, and at all times had, due notice.

The third and last count avers, that the defendant was indebted to the plaintiff in the sum of $1,250, for and in respect of twenty-five shares of stock duly subscribed by him, and which he held in the company, by virtue of divers calls on him, duly made before then by the directors for the time being of the company, and being so indebted, he undertook and promised.

To say nothing of the very loose and inartificial manner in which this declaration is drawn, we think it does not contain the substance of a good declaration in such a case on the contract set forth. The contract must have been understood by both parties to be, that the board of directors would make, periodically, certain assessments on the stock subscribed, of which the subscribers would be duly notified. It could not have been in the contemplation of the defendant, or any subscriber, that he could be called upon to pay the whole amount of his subscription at one time, without notice of previous assessments. This contract, like all others, must be construed according to the intention of the parties as manifested by the language used, and the object contemplated. By this contract, the defendant was to pay his subscription in certain proportions. A call upon him for the whole at once, is not justified by the contract. A demand for the whole might be justified if there had been regular periodical assessments, and the defendant duly notified of them. On failing to pay them, an action would lie for the whole amount. It is indispensable that assessments should have been made by an order of the board of directors, and the subscribers duly notified. *Barret* v. *Alton and Sangamon R. R. Co.*, *ante.* Assessments, as understood in such contracts, mean a rating or fixing of the proportion, by the board of directors, which every subscriber is to pay of his subscription, when notified of it, and when called on. There is no averment in any

one count of this declaration, that any assessment was made, such as was contemplated, of which the defendant had any notice. He cannot be required to pay the whole amount of his subscription until its several proportions have been called for and refused. For this reason the demurrer should have been sustained. It is proper, in such cases, the subscription being the equivalent of an instrument of writing for the payment of money only, that the court, by the clerk, should assess the damages the same as in case of a default, unless leave is asked and given to withdraw the demurrer and plead to issue.

The judgment of the Circuit Court overruling the demurrer is reversed, and the cause remanded, with leave to the plaintiff to amend the declaration.

*Judgment reversed.*