Hoereth v. Franklin Mill Company.

LUDWIG HOERETH, Appellant, *v.* THE FRANKLIN MILL COMPANY, Appellee.

APPEAL FROM ST. CLAIR.

The plea of *nul tiel corporation* is a plea in bar, and should not be stricken from the files because a plea to the merits has been interposed.

Where a corporation sues by a wrong name, the defendant can only take advantage of it by a plea in abatement; but where there is no misnomer, the defendant can only plead *nul tiel corporation* in bar.

A defendant who wishes to avail himself of a postponement of the time at which his liability matures, must aver the consent of the plaintiff to such postponement, otherwise his plea is bad.

The loss of an instrument of writing does not change the contract contained in it.   The liability of the parties remains the same.

THE facts of this case are sufficiently stated in the opinion of the Court.

W. H. UNDERWOOD, and NOETLING, for Appellant.

I.   As to plea of *nul tiel corporation.*

Striking pleas from the files is an arbitrary act, and when done improperly, judgment will be reversed.   3 Scam. 546.

It has been solemnly settled by the unanimous decision of this Supreme Court, on rehearing, where the point was argued by two of the ablest lawyers of this State, that a private corporation must prove its legal existence under the general issue. *Hargrave* v. *The Bank of Illinois*, Breese, 84 ; *Jones* v. *The Bank of Illinois*, Breese, 86.

It is true that in the case of *McIntyre* v. *Preston*, 5 Gilm. 58, there is a dictum by one of the judges of this court, that

the general issue admits the capacity of the plaintiff to sue, and it is said, if the defendant would deny the existence of the corporation, he must put in a plea for that purpose, but that decision does not indicate whether said plea should be in abatement or in bar.

In 4 Peters, 501, it is said that the defendant may plead *nul tiel corporation* in bar. So also in 21 Ill. 277; 24 Ill. 479; 12 Ill. 86; 13 Ill. 517; 17 Ill. 55; 12 Barb. 573. *Nul tiel corporation* may be more properly plead in bar. 5 Watts & Serg. 215; 33 Penn. State R. 364; 3 Ind. R. 285; *Gage, etc.* v. *Dawson,* 4 Blackf. 202; 3 Kernan, 313; 3 Clark's (Iowa) R. 419, 433; 18 John. R. 137; 20 Ark. R. 207.

It does not follow that the corporation was ever organized after the subscription. 17 Ill. 58; 26 Ill. 41. Or it may have expired. 3 Ind R. 285. There is no doubt that anciently a plea of *nul tiel corporation* was a good plea in bar, and it is only bad on special demurrer, where such plea is equivalent to the general issue. But it is a good plea where the plaintiff is not bound to prove an incorporation under the general issue. Ang. on Corp., Sec. 634; 16 John. R. 300.

In a suit by an executor or an administrator, the defendant may put in issue the right of the plaintiff to sue in that capacity, by a plea in bar. 2 Greenl. Ev., Sec. 338; *Langdon, Adm'r,* v. *Potter,* 11 Mass. R. 315, 316; 1 Chitty Pl. 489; 1 Saund. R. 274, note 3.

II. As to third, fourth and fifth pleas.

Trustees had a right to regulate, under a by-law, the payment of stock notes. 1 Purp. Stat., p. 217, Sec. 6; 17 Ill. 30, 31; 25 Ill. 131.

The demurrer to the fourth and fifth pleas should have been overruled. Where an instrument is signed on condition that a third person shall sign it, the instrument is inchoate and void before the condition is complied with. Chitty on Cont. 419; Story on Prom. Notes, Sec. 188, note 1; 4 Cranch R. 175; 7 Peters R. 448: 13 Howard R. 334; *Leaf* v. *Gibbs,* 4 C. & P. 466; *Awd* v. *Dickson,* 5 Eng. L. and Eq. R. 612; *Prescott* v. *Brinley,* 6 Cush. R. 233; *Young* v. *Ward,* 21 Ill. 225; 26 Ill. 494.

G. TRUMBULL, for Appellee.

The defendant, by pleading the general issue, necessarily admitted the capacity of the plaintiffs to sue. If defendant intended to take exceptions, it should have been by plea in abatement. *Conrad* v. *The Atlantic Insurance Company*, 1 Pet. R. 450; *The Society, etc.* v. *The Town of Pawlet*, 4 Pet. R. 501; 1 Mass. R. 482.

The same doctrine is fully indorsed in the case of *McIntyre* v. *Preston*, 5 Gilm. 59; Angell & Ames on Corporations, 633.

*Chandler* v. *The N. C. R. R. Co.*, 18 Ill. 191, 193. In this case, *nul tiel corporation*, general issue, and other pleas were filed. A demurrer was sustained to the plea of *nul tiel corporation*.

A person giving a mortgage or note to a corporation, as such, is thereby estopped from denying the corporate existence of the corporation. Angell & Ames on Corporations, 635; *Den* v. *Van Hauton*, 5 Halst. (N. J.) R. 270; *Congregational Society* v. *Perry*, 6 N. H. R. 164; *All Saints' Church* v. *Lovett*, 1 Hall (N. Y.) R. 191; *John* v. *Farmers' and Mechanics' Bank*, 2 Blackf. R. 367; 14 John. R. 245; 2 Mo. 169; 3 Hawks' (N. C.) 520.

The plea of *nul tiel corporation*, to have been a good plea in abatement, should have been sworn to. Rev. Stat. 1845, p. 43. The defendant admits that the corporation was organized by the instrument which he signed payable to it.

The court will frequently exercise its discretion in striking pleas from the files, where the subject-matter of the plea presents no defense, or where the same fact is presented in various pleas 2 Gilm. 604; 22 Ill. 524; *Gilmore* v. *Newland*, 26 Ill. 204. A plea in abatement, which is filed after answering to the merits, should be stricken from the files. *Walker et al.* v. *Welch et al.*, 14 Ill. 278.

The cases referred to by appellants, as to the right of corporations to make by-laws, etc., have no application to such a case as is presented in the record. In this case, the defendant has fixed the time of payment, and the amount to be paid in the agreement, which he signed.

11

The third plea presented no defense to the action. The corporation had no right to change the contract without the consent of the defendant; there is no averment that the defendant consented to any such change, nor was there any consideration for a change of contract.

The fourth and fifth pleas admit the original cause of action, and aver that the instrument sued upon in the first and second counts, was a copy of the original instrument, which was destroyed by accident, signed by the defendant, but allege that the instrument sued upon was to have been signed by others. It appears to me that the plea does not go to the foundation of the action. The instrument required no new consideration. It was the acknowledgment of a fact, or legal obligation, which every honest man was in duty bound to make, and furnishing evidence of that legal right, which the courts would otherwise enforce. The defendant could not limit his liability in the manner set out in the pleas.

No verbal agreement can take effect, if contemporaneous with the making of the instrument, for that would be to allow verbal evidence to vary a written contract. Byle on Bills of Exchange, 157, side page 76, and cases cited; Chitty on Bills, 162, and notes; *Farnham* v. *Ingham*, 5 Verm. 514; *Dill et al.* v. *Wabash R. R. Co.*, 21 Ill. 92.

The instrument was evidence under the common counts. *Griswold* v. *Trustees of Peoria University*, 26 Ill. 44; *Pryor et al.* v. *Cain*, 25 Ill. 292; 17 Ill. 59.

BREESE, J. This was an action of assumpsit, tried in the St. Clair Circuit Court, at the October term, 1861, wherein the Franklin Mill Company was plaintiff, and Ludwig Hoereth, defendant.

The first count of the declaration alleges, that Hoereth, on the 19th of October, 1858, at, etc., made his certain instrument in writing, whereby he subscribed, as stock to said company, $500, and thereby promised to pay said company, using the description, " to the treasurer of the board of directors " of said company, $125 on the first of September, 1861, and a like sum on the first of September, each year thereafter, until

the entire stock was paid; that the said first installment was wholly due and unpaid.

. The second count alleges, that the defendant, together with others, being desirous of building a steam flouring mill, to carry on the business of manufacturing flour in its various branches, at the town of Smithton, in said county, on the 19th of October, 1858, subscribed $500 stock, payable as stated in the first count. The count then avers, in consideration of the premises, plaintiffs became duly incorporated, and expended large amounts of money, to wit, $10,000, in the erection of the said flouring mill; yet the said defendant, although often requested, had not paid the said first installment.

The third count is a consolidated count for money lent, paid, and on an account stated; with a breach in the usual form.

The defendant pleads—1st, general issue; 2nd, *nul tiel corporation.*

The third plea to the first and second counts alleges, that after the execution of the said instrument in writing, and before this suit was brought, to wit, on, etc., at, etc., a board of trustees was elected by the stockholders of said corporation respectively, which said trustees passed certain by-laws, by which said by-laws it was prescribed, among other things, in what manner the said trustees should call in and demand all such sums of money by the stockholders respectively subscribed, and that no payment of stock should be demanded, except an order was first passed by the said board, and notice given to the stockholders, or a personal demand made of them for such amount of stock as was called in; which order is still in force; and defendant averred, that no such order was ever made for the payment of said stock, or any part thereof, nor was any demand made or notice given by the said corporation to this defendant, for the payment of said stock before this suit was brought; and this the defendant was ready to verify, etc.

The fourth plea to the special count alleges, that before the defendant signed said instrument in writing, an instrument identical with it was signed by him, containing the names of good and responsible citizens, viz., John Tate, and John

McCully; that he signed the instrument with the said names being already on the paper; that the said paper was destroyed by accident, and that the company circulated another paper, the one now sued upon purporting to be identical with the first, and to contain the same names, and that this defendant signed the paper sued upon for the sole consideration and upon the express understanding with the company, that it was to be and should be signed by all the former subscribers, including Tate and McCully, before the same should have any force or effect whatever; and this defendant avers, that the corporation never procured Tate and McCully to sign this paper, and wrongfully took possession of the paper now sued upon, and have kept the same, and instituted this suit thereon; wherefore the defendant says the consideration for signing said note has failed; and this he is ready to verify, etc.

The fifth plea to said first and second counts, alleges the facts stated in said fourth plea, and concludes: "wherefore the said plaintiff obtained the execution of the instrument sued on from said defendant, by fraud and circumvention; and this he is ready to verify," etc.

Plaintiff below filed a demurrer to the third, fourth and fifth pleas, which was sustained by the court. Plea of *nul tiel corporation* was stricken from the files by the court, on motion of the plaintiff; to which order the defendant then and there excepted.

The case was tried by the court by consent. On the trial, plaintiff introduced the subscription paper described in the first and second counts of plaintiff's declaration, which was all the evidence in the case; upon which the court found for the plaintiff, $120.

Defendant moved for a new trial; motion overruled, and exceptions taken.

The case is brought to this court by appeal, and the following errors assigned: 1st, The court erred in sustaining demurrer to the third, fourth and fifth pleas; 2nd, in striking plea of *nul tiel corporation* from the files; 3rd, in finding for appellee; 4th, in refusing appellant a new trial.

It would seem, from the averments in the declaration, that

the plaintiffs were not in fact a corporation at the time the defendant became a subscriber. His subscription was inducement merely, to the formation of the company ; hence, the rule insisted on, that contracting with a corporation by name, is an acknowledgment of the existence of the corporation, could not apply. At the time of the subscription, there was no corporation with a name. The subscription was preliminary to an organization under the general incorporation law for manufacturing and other purposes. It follows then, that the pleas of *non-assumpsit* and *nul tiel corporation* were not inconsistent pleas, for the former put in issue the fact of subscribing, and the other the fact of the subsequent organization of a company with the name in which the suit was brought. But if the pleas were inconsistent, the court should not have stricken either of them from the files for that reason. Our Practice act, Sec. 14, provides that the defendant may plead as many matters of fact in several pleas as he may deem necessary for his defense. (Scates' Comp. 253.) On the supposition, doubtless, that the plea of *nul tiel corporation* should be regarded as a plea in abatement, the court struck it out, a plea to the merits having been interposed. We have held, and such is the weight of authority, that such a plea is a plea in bar. Saunders, that most eminent pleader, says, in his note to the case of *Mellor* v. *Spateman*, 1 Saunders' Rep. 340, when a corporation sues by a wrong name, the advantage can be taken by the defendant only by a plea in abatement. But where there is no misnomer, the defendant can only plead *nul tiel corporation* in bar. It is understood that this is the doctrine of the courts of Great Britain and of this country. *Town of Lewiston* v. *Proctor*, 27 Ill. 416 ; *Marsh* v. *Astoria Lodge*, *etc.*, ib. 425. Though it may be true, that a party contracting with a corporation by name, cannot deny its corporate existence, or, more correctly speaking, will be considered as having admitted it, yet he may deny the fact by plea, and it then becomes a question of evidence, can he gainsay his own admission ? It is not a question of pleading at all. This is of every day's occurrence. Any fact which a party has admitted, may be denied on the record by plea.

The court erred in striking the plea of *nul tiel corporation* from the files, and for this reason the judgment must be reversed, and the cause remanded, with directions to reinstate the plea.

The objections to the third plea were well taken, as the defendant's liability arose out of the contract he had made to pay the money by a particular day, and this could not be changed without the consent of the defendant, which consent the plea does not aver.

As to the fourth and fifth plea, it is sufficient to say, the fact that other parties were to sign this new note, is of no importance, as they were bound by the instrument alleged to be lost, and could be sued to judgment on it. The contract remained the same, notwithstanding the loss.

*Judgment reversed.*