## ELIJAH GADDY

*v.*

## JOHN K. McCLEAVE.

1. MOTIONS—*whether a part of the record unless preserved by bill of exceptions.* Upon appeal from the judgment of the circuit court in an action on a promissory note, the sustaining of plaintiff's motion to strike the defendant's plea denying the execution of the note from the files, being assigned for error, this court refused to consider the same for the reason that the bill of exceptions did not show any such motion was made, or any ruling of the court upon it, or that any exception was taken. Motions of such a character do not become a part of the record unless made so by a bill of exceptions.

2. PLEADING AND EVIDENCE—*variance.* In an action on a promissory note which recited that it was "given for a right to clarify cider, ale, etc.," but the pleader, in declaring on the note according to its legal effect, omitted any such description, but otherwise described it correctly, it was *held,* there was no variance between the note and the declaration. It was not necessary that the declaration should set forth the particular consideration for which the note was given, although mentioned in the note.

3. PLEA *denying execution of a promissory note—admissibility of evidence under, when not verified by affidavit.* Under a plea denying the execution of the note sued on, but not verified by affidavit, the defendant will not be permitted, on the trial, to deny his execution of the note.

APPEAL from the Circuit Court of Lawrence county; the Hon. R. S. CANBY, Judge, presiding.

. This was an action of assumpsit, brought by John K. McCleave against Elijah Gaddy, upon the following promissory note:

$100.      LAWRENCE CO., ILL., July 12, 1868.

, One year after date, I promise to pay to the order of H. B. Graves & Co., one hundred dollars, with interest, value received, it being given for a right to clarify cider, ale, etc., etc.      ELIJAH GADDY.

INDORSED: For value received, I assign the within note to J. K. McCleave.      H. B. GRAVES & Co.

The declaration alleged, that the defendant, "on the 12th day of July, 1868, by his promissory note of that date, by him given and subscribed, for value received, promised to pay to Henry B. Graves and John Clark, trading and doing business under the name of H. B. Graves & Co., the sum of $100 one year after date, with interest, which period had elapsed before the commencement of the suit. And the said Henry B. Graves and John Clark, on the 14th day of July, 1868, then and there indorsed the same to the plaintiff, under the name and style of H. B. Graves & Co., whereof the defendant had notice, and then and there, in consideration of the premises, promised to pay the amount thereof according to the effect and tenor thereof." Breach, that he has not paid, etc.

The defendant pleaded non-assumpsit, and that he did not make and execute the note in question. A trial by jury resulted in a verdict and judgment for the plaintiff. The defendant appeals.

Mr. J. G. BOWMAN, for the appellant.

Mr. E. CALLAHAN, for the appellee.

Per CURIAM : The record in this case is in a state of great confusion and disorder.

The proceedings appear disconnectedly, and without regard to the order in which they took place. This mode of making up a record, meets our reprehension.

The first error assigned is, in sustaining plaintiff's motion to strike the affidavit verifying the plea denying the execution of the note from the files. But this we can not consider, for the reason that the bill of exceptions does not show that such a motion was made, or any ruling of the court upon it, or any exception taken. We have repeatedly held, that motions of this character do not become a part of the record unless made so by means of a bill of exceptions.

The next error assigned is, in the admission of the note in evidence.

The note recites, that it was "given for a right to clarify cider, ale, etc." The declaration omits any statement of this —and it is claimed that this constitutes a variance between the note and declaration. The declaration described the note correctly, as far as it went in describing it; there was no misdescription of the note; all that can be said is, that the note was not described so fully as it might have been. There was no variance between the note and declaration. It was unnecessary that the declaration should set forth the particular consideration for which the note was given, although mentioned in the note.

The third error assigned is, in the exclusion of evidence offered by the defendant, that he did not make the note.

As neither of the defendant's pleas appears to have been verified by affidavit, he was not permitted, on trial, to deny his execution of the note.

Perceiving no error in this record, the judgment is affirmed.

*Judgment affirmed.*