LEVI SPRADLING

v.

J. A. RUSSELL.

*Filed at Ottawa November 10, 1881.*

AFFIDAVIT OF CLAIM—*may be allowed after plea filed.* Under the statute allowing amendments, the court has the power, upon proper cause being shown, to allow the plaintiff to file an affidavit of claim even after a plea has been filed, and then strike such plea from the files for want of affidavit of a meritorious defence, and when this is allowed it will be presumed that sufficient cause was shown, in the absence of the contrary appearing in the bill of exceptions.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

This is an action by Russell against Spradling and one Miller, brought to the October term, 1876, which began on the 9th day of that month. The summons was served on both defendants more than ten days before the return day. The declaration was filed twelve days before the term began. The first count was upon a promissory note alleged to have been made by defendants, to which was added the common counts. No affidavit of the nature and extent of the claim was filed until afterwards, as stated hereafter. Nine days before the term began, Spradling filed a plea of the general issue to the declaration. No further action was taken until the sixth day of the term. On that day, (October 14, 1876,) on motion of plaintiff, the court gave leave to file an affidavit of claim with the declaration, such as is provided for in section 37 of the Practice act, and at that time such affidavit was filed by plaintiff. Thereupon, on the same day, a motion was made by plaintiff that the plea of Spradling should be stricken from the files. This motion was not acted upon for over five weeks, and until the 29th day of November, and near

the end of the term.   On that day the motion was sustained, and Spradling's plea was, by order of the court, stricken from the files.   To this ruling Spradling then and there excepted. In this condition the cause was continued until the next term. At the next term, (on January 16, 1877,) there being no plea on file, the defendants were regularly called, and not answering, the default of each was entered, and the court assessed the damages at $1702.21, and final judgment was rendered against both defendants for that sum and for costs.   To this proceeding Spradling then and there excepted.   Spradling brings the case here and seeks to reverse this judgment.

· Messrs. BUSHNELL, GILMAN & COOK, for the appellant.

Messrs. JOHN H. & CHAS. FOWLER, and Mr. J. B. RICE, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

At common law, no judgment, without a trial of the issue tendered, could be rendered against a defendant who denied his liability by a valid plea tendering an issue upon the allegations of plaintiff.   Under section 37 of our Practice act, (Rev. Stat. p. 779,) in an action upon a contract for the payment of money, a plaintiff is entitled to judgment by default, if he "shall file with his declaration an affidavit showing the nature of his demand," and the net amount due to him from the defendant, unless there be filed a plea, and therewith an affidavit of the merits of the defence.

The statute (Practice act, sec. 24,) says, "that at any time before final judgment in a civil suit, amendments may be allowed upon such terms as are just and reasonable   *   *   * in any matter, either of form or substance, in any process, pleading or *proceeding*, which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought, or the defendant to make a legal defence."

The filing of an affidavit of claim is surely a "proceeding," which (by statute) may be adopted to enable a plaintiff to maintain his action. A majority of this court hold that the circuit court has the power, under the statute, at any time before final judgment, to amend the papers constituting the foundation on which a plaintiff claims judgment, and that this, in a proper case, may be done by permitting an affidavit of claim to be filed, even after a plea has been filed. The bill of exceptions does not purport to show what cause was shown in support of the motion for leave to file such an affidavit in this case. It would doubtless be an improvident exercise of discretion in a court to allow an affidavit of claim to be filed at a stage of the case so late as here shown, without good cause brought to the knowledge of the court in support of the motion. This record fails to show that such cause was not shown. Unless the contrary is affirmatively shown, we must assume that such cause was shown, and that the circuit court acted properly. After the affidavit of claim was properly on file, the plea of Spradling, unsupported by an affidavit of merits, was under our statute no sufficient bar to the action, and it was entirely proper to strike the same from the files.

The record shows that defendant Spradling had full opportunity to make defence, if any he had. He was present by counsel when leave was given to file the affidavit of claim; also, when his plea was stricken from the files, and also when his default and final judgment were entered, for at each of these proceedings the record shows that he "then and there excepted."

The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*