127  332
161  631
127  332
61a  235
127  332
166  215
127  332
71a  485
71a  651
127  332
98a  ⁸438
127  332
194  ¹⁰ 34
127  332
102a  ⁸338
102a  ⁸671

H. BAILEY *et al.*

*v.*

THE VALLEY NATIONAL BANK.

*Filed at Ottawa January 25, 1889.*

1. ATTACHMENT—*in aid—personal service in the suit, as obviating necessity of serving the writ of attachment.* In case of an attachment brought in aid of an action of assumpsit, where there has been service of the summons in the original suit, service of the writ of attachment upon the defendant is not necessary in order to give the court jurisdiction, either of the person of the defendant, or of his estate seized under the writ. Being in court, the defendant is required to take notice of the subsequent steps in the suit.

2. SAME—*amendment of affidavit and bond.* A motion to strike from the files an affidavit in attachment and the bond, and to quash the writ, will be overruled, if the plaintiff, by leave of court, files an amended affidavit, setting forth the nature and amount of the indebtedness, and sufficient grounds for the writ, and a sufficient amended bond. Such amendments are fully authorized by section 28 of the Attachment act.

3. PLEADING—PRACTICE—*notice of defense, instead of a special plea— under what state of pleading—sufficiency of the notice, how questioned.* Under section 28 of the Practice act, matters of fact constituting a legal defense to the action, instead of being set forth, as at common law, by special plea, may be stated in a notice under the general issue, and evidence of such facts given on the trial, with like effect as if the same had been specially pleaded. No reply, either of admission or denial of the plaintiff, is required or permitted. No issue of law or fact can be raised thereon.

4. If the facts stated in the notice are immaterial, the plaintiff can not demur, and thus raise and determine their sufficiency as a defense. All such notice can do is to relieve the defendant of the necessity of pleading specially any facts not provable under the general issue, and to introduce evidence in their support, if material and explicitly stated, as if the same had been specially pleaded. The court, on the trial, must determine the materiality of the facts stated.

5. In no sense does the notice provided for, take the place of the general issue, or the plea of *non est factum*, or the like plea, which goes simply to deny the plaintiff's cause of action, and it is therefore required by the statute to be filed under the general issue.

6. Before the filing of any declaration, the defendant filed a notice of set-off, which, on motion of the plaintiff, was stricken from the files:

*Held,* that the notice was properly stricken from the files, because when filed there was nothing to which it could apply, and also because there was no plea filed under which a notice of set-off could be available.

7. SAME—*plea not verified.* Where the plaintiff's declaration, with the proper affidavit of claim, is filed in apt time, an unverified plea, or plea and notice, appearing on the files, will, on his motion, be stricken therefrom.

8. PLEADING AND EVIDENCE—*execution of instrument sued on, how put in issue.* The plea required by section 33 of the Practice act to be verified to put in issue the execution of any written instrument sued on, is any plea which, at the common law, would be a denial of the plaintiff's cause of action. The execution may be put in issue by the plea of *non est factum,* or the general issue, if verified. The execution of the instrument can not be put in issue by the plea of the general issue unverified, with notice of that defense, accompanied with an affidavit of the defendant. It is the plea that is required to be verified.

9. Where the defendant fails to put in issue the execution of notes sued on, by proper plea verified, he will not be entitled to introduce any evidence tending to show that the notes never were delivered, as their delivery is an essential part of the execution.

10. SAME—*question of corporate existence—how put in issue—effect of the general issue.* In an action by a private corporation, the plea of the general issue admits the corporate existence of the plaintiff. The proper mode of pleading to put the plaintiff's corporate existence in issue, is by the plea of *nul tiel corporation.* It can not be put in issue by the general issue, and notice denying the plaintiff is a corporation.

APPEAL from the Appellate Court for the Second District ;— heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. HARRISON LORING, and Mr. STEPHEN R. MOORE, for the appellants :

The statute allows the defendant in actions *ex contractu* to have his cross-action by notice of set-off, and in effect the notice is a declaration for the defendant. *Bennett* v. *Pulliam,* 3 Bradw. 185 ; *Breen* v. *Sullivan,* 5 id. 449 ; *Pettis* v. *Westlake,* 3 Scam. 535 ; *Railroad Co.* v. *Keep,* 22 Ill. 9 ; *Insurance Co.* v. *Menz,* 63 id. 116.

It is contended, that because plaintiff, after the set-off was filed, filed an affidavit under section 37, this gave it the right

to dismiss the cross-action. No such construction can be given to this section, and it was never designed to have any such operation, and could have no such effect in this case. The defendant had the right, absolutely, by statute, to his cross-action.

The bond should have been stricken from the files, on the ground it was altered by filling in its date. *Newlan* v. *Harrington,* 24 Ill. 206; 1 Parsons on Contracts, 223; *Master* v. *Miller,* 4 T. R. 329; *People* v. *Organ,* 27 Ill. 27; *Montag* v. *Linn,* 23 id. 550; *White* v. *Jones,* 38 id. 164.

The writ should have been quashed, for the reason the affidavit failed to show any ground of attachment.

When two modes of defense are given, the party can not resort to both modes at the same time. He must either plead and give notice, or he must present his defense alone, by pleas. *Gilmore* v. *Newland,* 26 Ill. 200.

Defendant is not required to plead in order to make the defense that he never executed the note sued on. He has the right to present that defense under the notice filed under the general issue, by making affidavit thereto. *Hunt* v. *Wier,* 29 Ill. 83; *Burgwin* v. *Babcock,* 11 id. 30.

A motion to exclude all a party's evidence is, in effect, a demurrer to the evidence, and must be tested by the same rules. *Phillips* v. *Dickerson,* 85 Ill. 11.

The court has no power to exclude the evidence in any case where its weight has to be considered. *Holmes* v. *Railroad Co.* 94 Ill. 444; *Phillips* v. *Dickerson,* 85 id. 11; *Pennsylvania Co.* v. *Conlan,* 101 id. 93; *Crowley* v. *Crowley,* 80 id. 469; *Merricks* v. *Davis,* 65 id. 319; Abbott's Trial Brief, 109.

The motion can not be heard before the defendant has closed his case. *Kingsford* v. *Hood,* 105 Mass. 495; *Nixon* v. *Brown,* 4 Blackf. 157; *Walker* v. *Supple,* 54 Ga. 178; *Miller* v. *House,* 63 Iowa, 82; *Proprietary* v. *Ralston,* 1 Dall. 18; *Lamar* v. *Meeker,* 25 N. Y. 361; *Brown* v. *Insurance Co.* 59 N. H. 298.

It was error for the court to refuse defendants' instructions, which told the jury that one of the issues of the case is as to whether the plaintiff is a corporation, and the burden of proof in on the plaintiff to prove it is a corporation, and if it has failed to make the proof, the verdict must be for defendants.

Mr. DANIEL H. PADDOCK, for the appellee:

There was no error in striking the notice of set-off from the files. The paper was a notice, simply. It was not a plea and notice, or a special plea. When this was filed, there was no declaration to which appellee could answer, and when the declaration was filed, with affidavit of merits, the notice of set-off was unsupported by anything. A verified declaration requires a verified defense.

There was no error in refusing to quash the affidavit, bond and attachment writ, a motion to dismiss which, assuming the office of a plea in abatement, will not be entertained, unless the objection appears upon the face of the papers. *Holloway* v. *Freeman,* 22 Ill. 197.

Under our practice, if any one desires to deny an assignment as having been made as alleged, he must traverse by plea verified. *McIntire* v. *Preston,* 5 Gilm. 48; *Walker* v. *Krebaum,* 67 Ill. 252; *Templeton* v. *Hayward,* 65 id. 178; *Shipley* v. *Carroll,* 45 id. 285.

The execution of the instrument sued on can be put in issue only by plea verified, and can not by notice under the general issue, though the notice is accompanied by an affidavit denying the execution. *Stevenson* v. *Farnsworth,* 2 Gilm. 715; *Davis* v. *Scarritt,* 17 Ill. 202; *King* v. *Haines,* 23 id. 341.

No issue of law or fact can be formed on a notice filed with the general issue. *Burgwin* v. *Babcock,* 11 Ill. 28; *Curtis* v. *Gill,* 54 Conn. 49.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

In this case, before declaration was filed, or required to be, appellants filed a notice of set-off. When the declaration was filed, it was supported by an affidavit of claim. On motion, the notice of set-off was stricken from the files. This action of the court was not error. When the notice was filed, there was nothing on file to which it could apply. Besides, under the 29th section of the Practice act, in actions *ex contractu*, the defendant having claims against the plaintiff, "may plead the same, or give notice thereof under the general issue, or under the plea of payment;" and this is the statute under which a notice of set-off, alone, could be made available. There was here no plea filed under which such a notice could be given, and, standing alone, it was properly stricken from the files. But had the notice been accompanied by the pleas named in the statute, or either of them, when the plaintiff's declaration and affidavit of claim were filed, in apt time, an unverified plea, or plea and notice, appearing on the file, would be stricken therefrom. *Spradling* v. *Russell*, 100 Ill. 522.

It is next insisted, that the court erred in not sustaining the motion of appellant Bailey to strike from the files the affidavit for attachment and the attachment bond, and to quash the writ. The motion was properly overruled. Under leave of the court, the plaintiff filed an amended affidavit, setting forth, with sufficient clearness, the nature and amount of the indebtedness claimed to be due, and two sufficient grounds of attachment, and an amended bond. No objection is pointed out to the amended bond and affidavit, and none is apparent. The amendments were fully authorized by the 28th section of the Attachment act.

It is next objected, that there was no service of the writ of attachment upon the appellant Bailey, and that the motion should therefore have been sustained, etc. The suit was brought in assumpsit, and the attachment proceeding was in aid thereof,

under the 31st section of the act.   Appellant was served in the common law suit in proper time, and the attachment writ was duly returned, with a valid levy upon the property of the defendant endorsed thereon.   The jurisdiction of the court over the person of appellant was complete by the service of summons in apt time, in the common law suit, of which the attachment was in aid, and he was required to take notice of the subsequent steps taken therein.   In case there is service of summons in the original suit, no service of the writ of attachment upon the defendant is necessary to give the court jurisdiction, either of the person of the defendant, or of his estate seized under the writ.

It is contended that the court erred in permitting the notes sued on to go to the jury without proof of their execution, and also in refusing to instruct the jury that appellee could not recover without proof of its legal incorporation.   Appellants filed an unverified plea of non-assumpsit, and therewith a notice that on the trial they would deny the execution of the notes sued on, and averring that such notes were not made and executed by them, or either of them, and also filed an affidavit of one of appellants, setting forth the same fact.   There was no attempt, beyond this, to verify the plea, but it is insisted that the affidavit was a verification of the notice, and of the matters therein set forth.

The 33d section of the Practice act provides that "no person shall be permitted to deny, on trial, the execution or assignment of any instrument in writing, whether sealed or not, upon which any action may be brought, or which shall be pleaded or set up by way of defense or set-off, or is admissible under the pleading when a copy is filed, unless the person so denying the same, if defendant, verify his plea by affidavit," etc. The 28th section of the same act provides that "the defendant may plead as many matters of fact in several pleas as may be deemed necessary for his defense, or may plead the general issue, and give notice in writing, under the same, of the special

BAILEY *et al. v.* VALLEY NAT. BANK.

Opinion of the Court.

matters intended to be relied on for a defense on the trial, under which notice, if adjudged by the court to be sufficiently clear- and explicit, the defendant shall be permitted to give evidence of the facts therein stated, as if the same had been specially pleaded and issue taken thereon."

It is insisted by appellant, that the verification of the notice was a compliance with section 33 of the act, and cast the burden of proving the execution of the notes upon the plaintiff, before they were admissible in evidence.

The two sections of the statute under consideration were embodied in the same section of the Practice act of 1827, and constituted section 12 of that act, (Laws of 1827, page 314, sec. 12,) and thus continued until divided in the present revision of 1872. The purpose of the provision, now the 28th section, was to relieve the defendant of pleading specially new or affirmative matters relied upon as a defense. He is to be permitted to give evidence of the facts therein stated, as if the same had been specially pleaded and issue taken thereon. The system of common law pleading is repeatedly recognized by the Practice act, and was the recognized mode of procedure when these provisions were first enacted, and has been so ever since. A plea then had, as it now has, a recognized legal meaning, and well defined characteristics and requisites, and the several species of pleas performed a well understood legal office. A special plea, introducing new matter, did not deny the plaintiff's cause of action, but set up the defense by way of confession and avoidance. It is manifest, that by the provisions of section 28, matters of fact constituting a legal defense to the action, instead of being set forth, as at common law, by special plea, may be stated in a notice under the general issue, and evidence of such facts given on the trial, with like effect as if the same had been specially pleaded. But although the notice given under the general issue has this effect, no reply, either of admission or denial, of the plaintiff, is required, or permissible thereto, and no issue, either of law or of fact, can be

raised thereon.    (See *Burgwin* v. *Babcock*, 11 Ill. 28; *Hunt* v. *Weir*, 29 id. 83.)    If the facts stated in the notice are immaterial, and which, if true, would constitute no legal defense, the plaintiff can not demur, and thus raise and have determined the question of their sufficiency.    All that such notice can be held to do, is to relieve the defendant of the necessity of pleading specially any facts, not provable under the general issue, which he may rely upon at the trial, and to introduce evidence in their support, if material and explicitly stated, as if the same had been specially pleaded.    The court must determine the materiality of the facts stated, and on the trial may exclude from the jury, or admit, evidence tending to support the defense.    In no sense does the notice provided for take the place of the general issue, or the plea of *non est factum*, or the like plea, which goes simply to deny the plaintiff's cause of action, and it is therefore required by the statute to be filed with and under the general issue.

It is clear to us that the plea referred to in the 33d section, and which the pleader must verify by his affidavit before the plaintiff is put to proof, in the first instance, of the execution of the instrument declared on, and before the defendant can be heard to deny the execution of the instrument, was some one of the pleas which at common law would be a denial of the plaintiff's right of recovery thereon.    That the plea properly performing that office was the common law plea of *non est factum*, will not be questioned; nor is the holding of this court, that the general issue, supported by affidavit, is, in effect, a plea of *non est factum*, at all inconsistent with this view. (*Hinton* v. *Husbands*, 3 Scam. 187; *Templeton* v. *Hayward*, 65 Ill. 178.)    At common law, in suits upon instruments under seal, the plaintiff was not required, in the first instance, to prove execution, because the seal imported both consideration and verity.    To put the plaintiff upon such proof, the defendant was required to put in issue the signing, sealing and delivering of the instrument, by his plea of *non est factum*.    But

the rule was otherwise when the suit was upon simple contract in writing, for in such case the plea of the general issue put in issue every material averment of the declaration, and was necessarily a denial of the execution of the contract sued upon, proof whereof was thereby cast on the plaintiff. It follows, logically, that any plea which would be a denial of the plaintiff's cause of action, properly verified, would be a compliance with the provisions of the statute.

We are of opinion that the notice of appellants, though verified, was not a plea denying the execution of the notes sued on, and that its effect was not to cast on the plaintiff the burden of proving their execution, and their admission without proof of execution was not error.

What has been said disposes of the alleged error in the exclusion of evidence offered by appellants under the notice, the whole tenor and effect of which was to show that the notes had not in fact been executed. The delivery of the notes was an essential part of their execution. (*Hunt* v. *Weir, supra.*) This evidence, as we have seen, the defendants could not be permitted to offer, save under a sworn plea denying the execution of the instruments. *Gaddy* v. *McCleave,* 59 Ill. 182.

As to the still further contention of appellants, that as the notice denied that appellee was a corporation, proof of its corporate existence was thereby cast upon appellee, it is to be observed, that under the statute quoted there can be no question of the defendant's right to plead non-assumpsit and *nul tiel corporation,* (*Hoereth* v. *Franklin Mill Co.* 30 Ill. 151,) and that when the latter plea is interposed, the burden of proving corporate existence is cast on the plaintiff corporation. (*Spangler* v. *Indiana and Illinois Central Railway Co.* 21 Ill. 276 ; *Town of Lewiston* v. *Proctor,* 27 id. 414 ; *Stone* v. *Great Western Oil Co.* 41 id. 85 ; *Ramsey* v. *Peoria Marine and Fire Ins. Co.* 55 id. 311.) Such plea, like that of *non est factum,* is a simple negation,—a denial of the capacity in which the plaintiff sues, —and is not the averment of an affirmative fact. As before

said, the notice is not a plea, and under it appellants can not claim the benefit of the rule invoked, as might have been done had the denial been formally pleaded. When the case was tried, the only plea denying the plaintiff's cause of action was the general issue, and the better rule is, that such plea admits the corporate existence of the plaintiff corporation. (*McIntire v. Preston,* 5 Gilm. 48.) It may be found that this court, in some of the earlier cases, announced a contrary rule; but we are disposed to follow the reasoning and authority of the case cited.

Numerous other minor errors are assigned, which we have carefully examined and considered, but do not deem them of sufficient importance to merit extended discussion. It is sufficient to say, that upon mature consideration we find no error in this record for which the judgment should be reversed, and it is accordingly affirmed.

*Judgment affirmed.*

Mr. JUSTICE BAKER passed upon this case in the Appellate Court, and therefore took no part in its consideration here.