### Henry W. Wells et al. v. Wallace Mathews.

1. Practice—*Affidavit of Claim May Be Allowed After Plea is Filed.*—Under the statutes of this State, the court has power, upon proper cause being shown, to allow the plaintiff to file an affidavit of claim even after a plea has been filed, and then strike such plea from the files for want of an affidavit of a meritorious defense, and in this case the court discusses the circumstances and concludes that a proper showing was made.

Assumpsit, on a promissory note. Appeal from the County Court of Peoria County; the Hon. Robert H. Lovett, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898. Rehearing denied May 19, 1898.

#### Statement of the Case.

This was a suit by appellee against appellants, upon a promissory note. A former judgment for plaintiff was reversed because defendants were defaulted with a plea in bar on file and not disposed of. (70 Ill. App. 504.) The cause was reinstated in the court below September 21, 1897, and plaintiff then asked leave to file with this declaration an affidavit of claim as provided by statute, and supported his application by an affidavit of the plaintiff that to the best of his knowledge and belief the defendants had no defense to the action either in law or in equity, and that the plea was filed only to delay plaintiff in recovering his

legal demands; and also by affidavits tending to show that
the plea previously filed by the defendants was immediately
withdrawn from the files and was not on file when the
former judgment by default was rendered, and that neither
plaintiff nor the clerk of the court knew it had been filed
when the former judgment was taken, though they exer-
cised diligence in searching for a plea. Leave was granted
and an affidavit of claim was filed. Plaintiff thereupon
moved to strike the plea from the files for want of an affi-
davit of merits in its support. Said motion was granted
and defendants were defaulted, and judgment was entered.
Later on the same day defendants entered a motion to set
aside the order striking said plea from the files and default-
ing defendants and entering judgment against them. This
motion was heard and denied. This appeal is from said
judgment.

H. W. WELLS, attorney for appellants.

FOSTER & CARLOCK, attorneys for appellee.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.
Spradling v. Russell, 100 Ill. 522, sustains the action the
court took in this case, if good cause therefor was shown.
The sole contention of appellants is that as their plea was
filed January 8, 1896, and the motion for leave to file an
affidavit of claim was not made till September 25, 1897, it
came too late, or at least should not have been granted
without a showing as to the time when plaintiff learned
defendants had no defense, and not at all if it appeared
plaintiff knew that fact when the declaration was filed.
This position ignores the proof tending to show defendants
withdrew their plea as soon as filed, that plaintiff took the
previous judgment by default in ignorance of the existence
of a plea, and that the motion for leave to file an affidavit
of claim was made only four days after the case was re-
docketed in the trial court. The plaintiff made his applica-
tion for leave to file an affidavit of claim on the fourth day
the trial court had jurisdiction, after he learned defendants

proposed to interpose a defense. We think he made his motion in apt time. If defendants had asked leave to file an affidavit of merits with their plea it must have been granted. As they did not ask such leave it is a fair presumption they could not make such an affidavit, and had no defense. If not, they have not been injured. The judgment will be affirmed.