### General Electric Ry. Co. v. Richard P. Leahy.

1. PRACTICE—*Filing Affidavits of Claims—Discretion.*—To allow an affidavit of claim to be filed as a suit is about to be reached for trial, and which would materially change the issues to be tried, without good cause shown to the court, would be an improvident exercise of discretion.

Assumpsit, on two drafts. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed November 21, 1899.

JUDD & HAWLEY, attorneys for appellant.

TENNEY, McCONNELL, COFFEEN & HARDING, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit in assumpsit brought upon two drafts drawn upon the appellant, bearing upon their faces what purport to be the appellant's acceptance, signed as follows: upon one draft, "General Electric Railway Company, Lucius Clark, Gen'l Manager;" upon the other, the same form of signature, except that the words "by Stinson" are added after the word "manager."

The declaration contained special counts upon the drafts,

and also the common counts. An affidavit in the usual
form is attached, stating the demand of the plaintiff and
the amount claimed to be due. To this the defendant filed
a general demurrer, upon what ground does not appear.
Later, appellant pleaded the general issue, to which was
attached an affidavit of merits.

The case was soon after placed, upon application of
appellee's counsel, on the short cause calendar. When
reached it was three times postponed upon the ground that
one of appellant's counsel was ill, and was finally placed
upon the regular calendar by agreement, and called for trial
March 8th, after a delay of more than a month.

March 5th, three days before the case was reached for
trial, appellant's attorneys moved for leave to file an affi-
davit to verify the plea of general issue, by stating "that
the plea of the general issue heretofore filed in this cause is
true."

Appellant claims to have sought leave to file this affi-
davit in order to place the burden of proving the execu-
tion of the acceptances and the authority of Clark upon the
appellee, and to enable it to deny the agency of Clark, in
accordance with the provisions of Sec. 34, Chap. 110, of
the Revised Statutes. The bill of exceptions recites that
on the 5th of March, when said motion was made, the case
was about to be called for trial; that it was made to appear
to the court that the filing of such affidavit would mate-
rially change the issues, and might necessitate the taking
of depositions of non-resident witnesses by the plaintiff,
thus requiring a continuance of the cause.

It appears that this affidavit, seeking to verify the plea
of general issue, was sworn to February 23d, but no motion
was made for leave to file it until ten days afterward, when
granting the motion might have resulted in continuing the
case. Moreover, the plaintiff then and there offered to
stipulate that the defendant might introduce, under the
general issue, evidence tending to disprove the authority of
Clark to execute the acceptances sued on. Appellant
refused this offer, which would have permitted it to make

the defense of which it claims to have been deprived; but it was willing to have the cause *passed* and the trial further delayed until appellee could take depositions to prove his case under the change in the pleadings. The court refused appellant leave to file the additional affidavit upon the ground that the motion came too late.

We think the discretion of the trial court was properly exercised. The court was abundantly justified by this record in concluding that appellant was seeking only for delay. "It would doubtless be an improvident exercise of discretion in a court to allow an affidavit of claim to be filed at a stage of the case so late as here shown, without good cause brought to the knowledge of the court in support of the motion." Spradling v. Russell, 100 Ill. 522.

The above language of the Supreme Court is applicable to the affidavit before us. The record fails to show that any good cause for granting the motion was shown.

The judgment of the Superior Court is affirmed.