## J. R. Beggs, Administrator, Appellee, v. Chicago Bonding & Surety Company, Appellant.

1. DEBT, ACTION OF, § 7*—*what is effect of plea of non est factum at common law.* At common law the plea of *non est factum* to a declaration in debt on a bond merely put in issue the execution of the bond.

2. DEBT, ACTION OF, § 7*—*what is effect of unverified plea of non est factum under statute.* Under the Illinois statute (J. & A. ¶ 8589), an unverified plea of *non est factum* to a declaration in debt on a specialty puts nothing in issue.

3. PLEADING—*what is effect of notice of special matters of defense to declaration.* Notices of special matters of defense to a declaration in debt on a bond cannot be demurred to, admitted or denied, and do not raise issues of law or fact, but merely admit the introduction of proof, if material, of special defenses without pleading them.

4. BONDS, § 37*—*when judgment may be had by introduction of bond alone as evidence.* On a declaration of debt on a bond to which an unverified plea of *non est factum* and notices of special matters of defense are filed, plaintiff may have judgment without the introduction of other proof than the bond sued on, unless other proof is made necessary by the introduction of proof by defendant under the notices of special matters of defense.

5. EXECUTORS AND ADMINISTRATORS—*what unnecessary to recovery on bond of distributee by person supposed to have been dead.* To entitle one whose estate has been distributed on the presumption of his death and intestacy to recover of a surety on the bond given by a distributee pursuant to section 78 of the Administration Act (J. & A. ¶ 127), it is not necessary that the order directing the distribution of the estate be first set aside and vacated.

6. EXECUTORS AND ADMINISTRATORS—*what is not prerequisite to suit by person supposed to be dead upon bond of distributee of estate for refund of share.* To entitle one whose estate has been distributed under a presumption of death and intestacy to recover of the surety on the bond given by a distributee pursuant to section 78 of the Administration Act (J. & A. ¶ 127), it is not necessary that he first proceed against the administrator by demand or suit before calling on the distributee for the amount he had received.

7. TRIAL—*when profert of party is unnecessary.* Profert of a party is not required to establish his existence and identity.

8. EXECUTORS AND ADMINISTRATORS—*when proof of existence and*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*identity of party whose estate has been distributed is sufficient.* In an action by one whose estate had been distributed on a presumption of his death and intestacy to recover of the surety on the bond given by a distributee, proof of the existence and identity of the plaintiff *held* sufficient.

9. BONDS, § 37*—*what is sufficient proof of failure to pay debt.* Where the declaration in debt on a bond alleges and the pleadings admit a failure to pay, plaintiff is not put to further proof thereof.

10. PAYMENT, § 24*—*as an affirmative defense.* Payment is an affirmative defense.

11. APPEAL AND ERROR, § 1488*—*when admission of improper evidence is harmless error.* The admission of improper evidence in a case tried by the court without a jury is harmless error.

Appeal from the Circuit Court of Douglas county; the Hon. FRANK-LIN H. BOGGS, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 11, 1917. *Certiorari* denied by Supreme Court (making opinion final).

SABATH, STAFFORD & SABATH and CRAIG & KINZEL, for appellant; CHARLES B. STAFFORD, of counsel.

HARRY P. COFER and ALBERT C. and BEN F. ANDERSON, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

J. R. Beggs was appointed administrator of the estate of James Hood, deceased, by the County Court of Douglas county. When the time arrived for the distribution of the estate, it was claimed that one John Hood, one of the sons of James Hood, deceased, and who if living would be entitled to a distributive share of the estate, had not been heard from by his family for about fourteen years. This being made to appear to the County Court, an order was entered declaring that he was presumably dead and that the funds coming to him should be distributed to his children but that before such money should be so distributed each of such children should give the bond as provided for by section 78 of the Administration Act (J. & A. ¶ 127). That section is as follows:

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

"The costs, expenses, award and just claims against the estate of a person presumed in law to be dead shall be adjusted, allowed and paid in due course as in other estates, but before distribution to heirs of such person, under the presumption of death and intestacy, each distributee, or some one for and on behalf of such distributee, shall enter into bond payable to the People of the State of Illinois, in a penalty double the value of the distributive share of such distributee, with security thereon to the acceptance and approval of the court, conditioned to refund and pay, on demand, to such presumed decedent, if alive, or to any other person lawfully entitled, all money and other property or assets received by such distributee as heir as aforesaid, and to save harmless the administrator of the estate against all claims or demands of the presumed decedent or of persons claiming through or under him. The bond hereinabove mentioned shall be filed with the clerk and, if approved by the court, shall be recorded and preserved by the clerk as other bonds."

The share to be distributed to Bert Hood, a son of John Hood, who was so supposed to be dead, amounted to $955.93, and, pursuant to the terms of the statute above quoted, he, on December 3, 1914, executed his bond to J. R. Beggs and the People of the State of Illinois in the penal sum of $1,911.86 for the uses and purposes named in the statute, and the $955.93 was turned over to him pursuant to the order of court already referred to. Appellant signed the bond as surety. In March, 1916, John Hood, the supposedly dead man, appeared and claimed his share of the estate of his father that had been distributed to his children. At the time his son Bert, who executed the above-mentioned bond, lived in Idaho, and John, being unable to get any money from him, notified him to produce it, which he did not do. John Hood then notified appellant of the facts, and, getting no results, he instituted this suit in July, 1916. Appellant filed an unverified plea of *non est factum* and gave notice of several special defenses:

First: It denies that the beneficial plaintiff has suffered damage or loss.

Second: Avers that bond sued on was issued under an order of court directing payment of money to Bert Hood, which order is still in force and that no action can be based on the bond until that order is vacated.

Third: That no demand had been made on plaintiff by John Hood for money paid to Bert Hood.

. Fourth: That no demand for the money has been made on Bert Hood.

Fifth: That John Hood, the beneficial plaintiff in this suit, is not the real John Hood.

Sixth: That Bert Hood has a set-off against John Hood for support of his, John Hood's, children.

Seventh: That Bert Hood has been garnisheed on claims against John Hood.

The cause was tried by the court, a jury being waived. The finding was for the plaintiff, and judgment was entered accordingly for the amount of the bond to be satisfied upon the payment of $976.43.

The bond sued on was a voluntary undertaking. John Hood was missing and was supposed to be dead. The statute required of the administrator that before he should distribute the money belonging to a person supposed to be dead, to his heirs, he should take a bond from each of such distributees "conditioned to refund and pay, on demand, to such presumed decedent, if alive," all money received by such distributee as the heir of such supposedly deceased person, and to save harmless the administrator, etc. This bond was given in compliance with the statute and was conditioned as there required. John Hood, the supposedly deceased person whose share in his father's estate was distributed to his children, was in fact alive and has demanded from Bert Hood that he turn over to him the part of the fund he received. That is part of what appellant by becoming surety for Bert Hood guaranteed that he

should do. Bert failed on demand to perform that obligation. That condition of the bond was thereby broken and appellant became in law liable to make good that breach. To compel appellant to perform that obligation this suit is brought.

The declaration sufficiently sets out appellee's right to recover. The plea of *non est factum* to a declaration in debt on a specialty, without being verified, puts nothing in issue. At the common law that plea only put in issue the execution of the bond, and under our statute (J. & A. ¶ 8589) it does not do that unless it is verified. *People v. Ackermann,* 146 Ill. App. 301; *Fleet v. Hertz,* 98 Ill. App. 564; *Rudesill v. Jefferson County,* 85 Ill. 448. The Appellate Court said of such a plea in *Leman v. United States Fidelity & Guaranty Co. of Maryland,* 137 Ill. App. 265: "It (referring to the plea of *non est factum*) admits all the material averments of the declaration and the plaintiff needed to make no proof of the breaches contained in its declaration, as the plea admitted them." Neither do notices of special matters of defense raise issues of law or fact. These notices cannot be demurred to, admitted or denied. All such notices amount to is to permit the introduction of proof, if material, of special defenses without pleading the same. *Bailey v. Valley Nat. Bank,* 127 Ill. 332-339. Appellee might well have had judgment without the introduction of any proof except the bond sued on, unless appellant had first introduced proof under the notices of special matter that made it necessary, which it failed to do. Not only was appellee entitled to a judgment on the pleadings and the introduction in evidence of the bond, but all the material facts alleged in the declaration and admitted by the pleas were amply established by the proof.

Appellant contends that the order of the County Court directing the distribution of the fund must be set aside and vacated before there can be liability on the

bond.    No authority or valid reason has been sug-
gested for such a contention, and it is manifestly un-
tenable.    The bond sued on was not given pursuant to
an order of court but in compliance with the terms of
the statute, and the administrator would not have been
bound to, or justified in, obeying an order of the court
that required him to distribute the fund without taking
bond.    The court did order the distribution, and it was
when the administrator was about to make the distri-
bution ordered that the statute stepped in and required
of him that he take a bond.    Without an order of court
he could not, without disregarding the statute, have dis-
tributed the fund at all.    The record shows that the
bond had been given and the order for distribution had
been complied with before this suit was begun.    If it
had not been complied with the breach of the bond
made the basis of this suit would have been impossible.
Waiving the question as to whether a court could set
aside an order of distribution that had been complied
with, it is inconceivable how so doing could affect the
liability of appellant who became voluntarily respon-
sible for the turning over of the money received by
Bert Hood to its real owner when he should be found
to be alive and should demand it.

Appellant also objects that no demand was ever
made by John Hood on the administrator for this
money.    The proof showed that the administrator had
turned it over to Bert Hood under the order of court
after a bond had been given pursuant to the statute.
The condition of the bond, the breach of which is here
relied upon, was that Bert Hood should return the
money he had secured from the administrator.    John
Hood was under no obligation to proceed against the
administrator either by demand or suit before calling
on Bert Hood for his money.

Appellant objects that John Hood was not brought
into court in proof of his own existence and identity.

We know of no rule requiring profert of a party to be made in order to establish the fact that he is alive, and there is no suggestion of how the court could know by inspection and without proof whether the claimant was the real John Hood or a pretender. The course pursued is the usual one adopted to establish the fact referred to, and the proof produced was ample. There was no error committed by the court in this respect.

Appellant next contends that there was no sufficient proof that Bert has not turned the money in question over to John Hood. It is enough to say of this point that the failure to pay is alleged in the declaration and admitted by the pleadings. *Hepler v. People,* 226 Ill. 278. Besides that, payment is an affirmative defense. If appellant had pleaded payment and offered proof to support the plea, then proof on the part of appellee might have been necessary, but no such plea was filed or proof offered.

Appellant mentions the fact that he claims improper evidence was admitted. The case was tried by the court without a jury and, if any evidence was admitted that was not strictly proper, the court would not consider it and no harm would result.

Several propositions were submitted as propositions of law and some of them come properly under that title. They were all marked refused by the court. The correctness of the court's rulings in that respect is shown by what has already been said.

No other claimed errors have been argued by the appellant.

No errors appear in this record and the judgment is affirmed.

*Affirmed.*