<div style="float:right">2 389<br>53a 665</div>

### EDWIN LONGLEY and WILLIAM LONGLEY, appellants *v.* LIENDAMAN NORVALL, appellee.

#### *Appeal from Schuyler.*

The plea of *non est factum* may be interposed in an action of covenant, without being verified by affidavit; and under it the defendant may avail himself of any legal defence that he could have done at common law, except merely denying or disproving the execution of the instrument declared on.

In an action of covenant, there is no plea which can strictly be termed the general issue; but the general issue in debt, is correctly used to answer, under the statute, the same end it does in debt.

S. T. LOGAN and E. D. BAKER, for the appellants.

G. W. P. MAXWELL, for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court:

Norvall commenced an action of *covenant* in the Schuyler Circuit Court, against William and Edwin Longley, on a sealed note. The defendants pleaded *non est factum*, without accompanying the plea with an affidavit of its truth. To this plea the plaintiff demurred, and the Court sustained the demurrer.

By the 12th section of the "*Act concerning Practice in Courts of Law*,"(1) it is enacted, "That the defendant may plead as many matters of fact in several pleas, as he may deem necessary for his defence, or may plead the *general issue*, and give notice under the same, of the special matters intended to be relied on, for his defence, on the trial, under which notice, if adjudged by the Court to be sufficiently clear and explicit, the

(1) R. L. 480; Gale's Stat. 531-2.

2G*

defendant shall be permitted to give evidence of the facts therein stated, as if the same had been specially pleaded and issue taken thereon; but no persons shall be permitted to deny on trial, the execution of any instrument in writing, whether sealed or not, upon which any action may have been brought, unless the person so denying the same, shall, if defendant, verify his plea by affidavit."

It was contended on the argument, that the plea filed in this case, was bad, because it was not verified by affidavit. This is not the true construction of the act. In an action of covenant, there is strictly no plea which can be termed a general issue; but the plea of *non est factum,* the general issue in debt on specialty, is correctly used, to answer in this action the same end it does in debt. At common law, when such a plea was interposed and issue joined thereon, the plaintiff was under the necessity of proving the execution of the sealed instrument declared on by the subscribing witness, if there was one, and the hand writing of the defendant, if there was no subscribing witness. This rule of evidence was considered by the legislature as imposing an unreasonable burthen upon the plaintiff, and hence the passage of this act to dispense with proof of the execution of written instruments, unless the defendant denied their execution on oath. The legislature did not intend to change the rules of pleading, as respects this plea; but to dispense with a rule of evidence that was oppressive. If a party when he files his plea, does not verify it by affidavit, he may, notwithstanding this omission, rely on any legal defence under his plea, that he could have done at common law, except merely denying or disproving the execution of the writing declared on. The Circuit Court consequently erred in sustaining the plaintiff's demurrer.

The judgment below is reversed with costs, and the cause remanded with directions to the Court below to overrule the demurrer.

*Judgment reversed.*