Stevenson *et al. v.* Farnsworth *et al.*

CHARLES STEVENSON *et al.*, plaintiffs in error,. *v.* TERRA B. FARNSWORTH *et al.*, defendants in error.

*Error to Ogle.*

Under the twelfth section of the "*Act concerning practice in Courts of Law,*" approved Jan. 29, 1827, the genuineness of the instrument sued on is admitted, unless its execution is denied on oath by the person charged to be the maker. If his plea be not verified by affidavit, he is precluded on the trial from controverting the execution of the instrument. The pleas of *non est factum* and *non assumpsit* may, however, be pleaded as formerly. The statute does not change the mode of pleading, but the rule of evidence only. Under these pleas the defendant may still insist on any legal defence, that he could have done at Common Law, except merely denying or disproving the execution of the instrument declared on. The statute requires the person who is to be charged, and not the party, to verify the plea.

If one of two defendants verify his plea by oath, the plaintiff is required to prove his case as to him only. By the "*Act regulating evidence in certain cases,*" approved Feb. 17, 1841, the rule of evidence respecting the proof of partnership is changed, and it is placed upon the same footing with the proof of the execution of written instruments. This statute is to receive the same construction.

Where one of two defendants, charged as partners, had verified his pleas by affidavit, it was *held* that it was only incumbent on the plaintiffs to sustain their action against both, to show that he was a member of the firm charged, and that the note sued on was executed on behalf of the firm.

In an action against a firm upon a note, if one verify his plea under oath, and the other omit to do so, the latter thereby admits that he was a member of the firm composed of himself and his co-defendant, and that the note was genuine, and the plaintiff is not bound to prove these facts as to him.

ASSUMPSIT in the Ogle Circuit Court, brought by the defendants in error against the. plaintiffs in error. The cause was heard before the Hon. John D. Caton and a jury, at the May term 1845, when a verdict was rendered in favor of the plaintiffs below for $1709·95.

The pleadings are stated in the Opinion of the Court.

*O. Peters*, for the plaintiffs in error.

In an action of *assumpsit* against partners, at common law, a plea of *non assumpsit* puts in issue the partnership, and casts upon the plaintiff the burden of proving that all the defendants were partners. *Tomlinson* v. *Collett*, 3 Blackf.

436; *Springer* v. *Patterson*, 1 do. 189;. *Bates* v. *Hunt*, Ib. 67; 1 Chitty's Pl. 516.

By our statute, the plea of *non assumpsit* admits the partnership unless the plea is verified by affidavit. Session Laws of 1841, 113, § 2; and this Court has held that *non assumpsit*-sworn to, is the proper plea to put in issue the execution of the note. *Hinton* v. *Husbands*, 3 Scam. 187; *Vance* v. *Funk*, 2 do. 263.

*J. Marsh*, and *S. T. Logan*, for the defendants in error.

An important question arising in this case is, could the defendant, C. Stevenson, avail himself of the benefit of the plea of *non est factum* without verifying it by his own affidavit?

The statute, by its terms, makes it a personal privilege, predicated upon a personal condition. Rev. Stat. 415, § § 13, 14; *Witter* v. *McNeil*, 3 Scam. 433–6.

The Opinion of the Court was delivered by

TREAT, J.* This suit was commenced in the Ogle Circuit Court, by Farnsworth and Ferguson against Charles Stevenson and John D. Stevenson. The declaration was in *assumpsit* on a note made payable to the plaintiffs, and alleged to have been executed by the defendants, as partners, by the style of C. Stevenson & Co. The defendants pleaded, first, *non assumpsit;* second, that they did not make and execute the note declared on. These pleas were verified by the affidavit of John D. Stevenson. On a trial before a jury, the plaintiffs proved the signature to the note to be in the hand writing of John D. Stevenson, and that he had admitted that Charles Stevenson and himself were copartners under the firm of C. Stevenson & Co. The jury found a verdict in favor of the plaintiffs for $1709·95. The Court overruled a motion for a new trial, and rendered judgment on the verdict. Various exceptions were taken by the defendants during the progress of the trial, but they all related to the

---

*WILSON, C. J., did not sit in this case.

admission and exclusion of testimony as to the question, whether Charles Stevenson was a partner in the firm of C. Stevenson & Co., and as such, liable for the payment of the note.

The Stevensons bring the record to this Court, and assign numerous errors in it, all, however, growing out of the exceptions before stated. In the view the Court is inclined to take of this case, it is unnecessary to notice them specifically. By the twelfth section of the "*Act concerning practice in Courts of Law*," approved January 29th, 1827, it is provided that "no person shall be permitted to deny on trial, the execution of any instrument in writing, whether sealed or not, upon which any action may have been brought, or which shall be pleaded or set up by way of defence, or set off, unless the person so denying the same, shall, if defendant, verify his plea by affidavit; and if plaintiff, shall file his or her affidavit, denying the execution of such instrument."

Under this provision, the genuineness of the instrument sued on is admitted, unless its execution is denied on oath by the person charged to be the maker. If his plea be not verified by affidavit, he is precluded on the trial from controverting the execution of the instrument. The pleas of *non est factum* and *non assumpsit* may, however, be pleaded as formerly. The statute does not change the mode of pleading, but the rule of evidence only. Under these pleas the defendant may still insist on any legal defence that he could have done at common law, except merely denying or disproving the execution of the instrument declared on. *Longley* v. *Norvall*, 1 Scam. 388. The statute manifestly requires the person who is charged to be the maker of the instrument, to make the affidavit. It is the person, and not the party, who is to verify the plea. He is presumed to know better than any one else, whether he executed the writing or not, and therefore he is required personally to swear to the truth of the plea. Where there are several defendants, each must for himself verify the plea. If done by but one, the plaintiff has to prove his case as to him only. We have no hesitation in declaring this to be the proper

Stevenson *et al* v. Farnsworth *et al.*

construction of the statute. It, however, did not apply to the question of partnership, and the plaintiff was still bound to make good this allegation, in actions against partners. To obviate this difficulty, it was provided in the second section of the "*Act regulating evidence in certain cases,*" approved February 17th, 1841, that "on actions upon contracts, express or implied, against two or more defendants, alleged to have been made or executed by such defendants, as partners or joint obligors or payors, proof of joint liability or partnership of the defendants, or their christian or surnames, shall not in the first instance be required, to entitle the plaintiff to judgment, unless such proof shall be rendered necessary by pleading in abatement, or the filing of pleas denying the execution of such writing, as is required by the '*Act concerning practice in Courts of Law.*'" Acts of 1841, 113. This statute was intended to change the rule of evidence respecting the proof of partnership, and place it on the same footing with the proof of the execution of written instruments. It must receive the same construction as the Act to which it refers. The affidavit is a personal requisition; unless interposed by a defendant in person, the allegation of partnership, so far as he is concerned is taken to be true, and cannot be controverted. In this case the pleas were verified by but one of the defendants, and it was only incumbent on the plaintiffs, to sustain their action against both, to show that he was a member of the firm of C. Stevenson & Co., and that the note was executed on behalf of the firm. This was abundantly established on the trial. The other defendant, by omitting to verify the pleas, admitted that he was a member of the firm composed of himself and his co-defendant, and that the note was genuine. This allegation the plaintiffs were not bound to prove, nor was he at liberty to disprove it. The plaintiffs fully made out their case, irrespective of the testimony, to the introduction of which the defendants excepted. That evidence under the issue was wholly unnecessary, and the defendants were not prejudiced by its admission, nor by the exclusion of the testimony offered by them.

It was urged on the argument, that the plaintiffs, by not objecting to the issue in the Court below, treated the pleas as properly verified, by both of the defendants, and that if the objection had been there made, the defendants could have obviated it, by severally swearing to the truth of the pleas. This is a mistaken view of the law. As before stated, the statute has not altered the mode of pleading, but merely changed a rule of evidence. The pleas were good, and not obnoxious to any objection by demurrer or otherwise. The plaintiffs were bound to join in the issues tendered. The verification of the pleas was the business of the defendants, with which the plaintiffs had nothing to do. It is not like a plea in abatement, which, if not accompanied with an affidavit, the plaintiff may accept or reject at his option. Here they had no right to object. The pleas were valid, whether verified or not.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*

After the foregoing Opinion was delivered, the plaintiff in error, by *O. Peters,* their counsel, filed their petition for a rehearing, and relied upon the following points and authorities, to wit:

1. That though the pleas were not verified by the affidavit of Charles Stevenson, yet it was a good issue as to John D. Stevenson, and required the same proof as to him as if the pleas were verified by both defendants. 1 Chitty's Pl. 50–51; *Tolman* v. *Spaulding,* 3 Scam. 14; *Wells* v. *Reynolds,* Ib. 193.

2. That though, as decided by the Court, the issues were confessed by Charles Stevenson, yet that confession cannot be used as evidence against John D. Stevenson on the trial of the issues. The declarations of one partner cannot be given in evidence to prove the partnership against his co-defendant. *Robbins* v. *Willard,* 6 Pick. 464; *Bridge* v. *Gray,* 14 do. 61.

3. The Court has passed upon the weight of evidence, and denied that there was sufficient evidence to prove the issue against John D. Stevenson, besides the evidence improperly

admitted, though only part of the evidence is contained in
the bill of exceptions. When improper evidence is admit-
ted, even though it is cumulative, a new trial should be
granted, and the Court cannot weigh the evidence, nor say
that it did not influence the minds of the jury; and that the
bill of exceptions, for the purpose of presenting the ques-
tion of admissibility, should contain only so much of the
evidence as will show the Court the real question to be deci-
ded. *Ex parte,* Crane, 5 Peters, 199; *The People* v. *Dalton,*
15 Wend. 585; *Foster* v. *McKay,* 7 Metc.; *Jackson* v. *Cald-
well,* 1 Cowen, 639; *Osgood* v. *Manhattan Co.,* 3 do. 612;
Graham on New Trials, Ch. VIII. 237, *et seq.; Hays* v. *Gor-
ham,* 2 Scam. 432; *Stacy* v. *Baker,* 1 do. 417.

                                      *Petition denied.*

