**Duquesne Security Company, Ltd., Defendants in Error, v. Isaac W. Hodgens, Plaintiff in Error.**

**Gen. No. 18,360. (Not to be reported in full.)**

Error to the Muncipal Court of Chicago; the Hon. WILLIAM. N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed October 9, 1913:

### Statement of the Case.

*Narr.* and *cognovit* filed by John Mulholland against Isaac W. Hodgens for entry of judgment on judgment notes containing a power therein for confession of judgment. After judgment, on affidavit of defendant, the judgment was opened up and leave granted defendant to make defense. And on motion of plaintiff leave was granted to change the name of plaintiff to J. F. McHendry, J. R. Jackson and James E. Taylor, co-partners doing business under the firm name of Duquesne Security Company, Ltd. From a judgment for plaintiffs for two hundred and eighty two dollars, entered on a second verdict of jury, after the first verdict in favor of defendant was set aside, defendant brings error.

DANIEL BYRNES, for plaintiff in error; JOHN T. BYRNES, of counsel.

CLARK & CLARK, for defendants in error.

MR. JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, § 124*—*necessity of assignment by indorsement.* Assignment of promissory note to vest the legal title in the assignee must be made by an indorsement on the note itself.
2. BILLS AND NOTES, § 131*—*method of assignment.* Promis-

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

sory note cannot be assigned by a separate instrument so as to vest legal title in the assignee.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when assignment of note must be averred.* Assignee of a judgment note cannot recover thereon in his own name in the Municipal Court where the *narr* or statement of claim does not aver that the note was assigned.

4. MUNICIPAL COURT OF CHICAGO, § 14*—*burden of proving assignment of note sued on.* Rule 23 of Municipal Court being an adoption of section 52 of the Practice Act, J. & A. ¶ 8589, places the burden of proving a valid assignment of a promissory note upon the plaintiff when plaintiff's title is denied by an affidavit of merits.

5. APPEAL AND ERROR, § 1236*—*when errors not waived by admissions in trial court.* Fact counsel for plaintiff in error acquiesced in a statement made before the jury by counsel of defendant in error limiting the issues, *held* not to estop plaintiff in error from assigning error for failure of proof of other issues where such admission was not relied upon in the trial court.