Bell v. Bennett, 188 Ill. App. 62.

---

## David E. Bell, Appellee, v. Joseph E. Bennett, Executor, Appellant.

1. EXECUTORS AND ADMINISTRATORS, § 262*—*right of heir to contest claims.* Heirs have the right to object to the allowance of a claim presented against an estate.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

2. BILLS AND NOTES, § 408*—*burden of proving execution.* An affidavit denying the execution of a note sued on places the burden of proving its execution by the alleged maker on the plaintiff.

3. BILLS AND NOTES, § 462*—*when instruction as to burden of proof of execution erroneous.* In an action to have a note allowed against the estate of the alleged maker where one of the heirs filed an affidavit denying its execution, *held* that an instruction given for plaintiff which placed on the estate the burden of proving that the signature to the note was not the signature of the deceased, was erroneous.

4. BILLS AND NOTES, § 406*—*burden of proof.* In an action to have a note allowed as a claim against the estate of the deceased maker, the burden is upon the estate to prove that there was no consideration for the note and that it had been wholly or in part paid.

5. INSTRUCTIONS, § 81*—*when improper as giving special prominence to part of the evidence.* An instruction directing the attention of the jury to particular entries made in books of account which were admitted in evidence, *held* improper as giving special prominence to a particular part of the evidence.

Appeal from the Circuit Court of DeWitt county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed May 5, 1914.

STONE & GRAY, for appellant.

JOHN FULLER, HERRICK & HERRICK and INGHAM & INGHAM, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

David E. Bell filed a claim in the County Court of DeWitt county against the estate of his father, David E. Bell, deceased. An appeal was taken from the judgment of the County Court to the Circuit Court where on a trial before a jury a verdict was returned in favor of claimant for $1,970.18, on which judgment was rendered. Joseph E. Bennett, the executor of the estate of the deceased, and who is also a son-in-law of claimant, and three of the heirs prosecute this appeal.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

The claim as sworn to by claimant is:

"To board, lodging, care and attention and special attention in sickness furnished and rendered to David Bell from the 27th day of April, 1909, to the 5th day of October, 1910, at $20 per week..........$2,580.00
To principal due on note................. 1,000.00
To interest on same at 5% from July 11, 1912   18.62"

In the Circuit Court an affidavit made by J. W. Bell was filed, which states that affiant "is the son of David Bell deceased and one of the heirs at law of said David Bell deceased; that he has examined the note which is a portion of the claim sued on in this case; that he is acquainted with the handwriting of David Bell, deceased, and that he believes that the signature of the note for one thousand dollars on which a portion of this suit is based is not the genuine signature of David Bell deceased." Heirs have the right to object to the allowance of a claim presented against an estate. Section 60, Administration Act (J. & A. ¶ 109); *Schlink v. Maxton*, 153 Ill. 447; *Mason v. Bair*, 33 Ill. 194.

The affidavit denying the execution of the note placed the burden of proving its execution by the alleged maker on the appellee. Section 52, Practice Act (J. & A. ¶ 8589). The evidence is conflicting as to whether the signature to the note is the signature of the deceased. In that condition of the evidence it was necessary that the instructions on that issue should be accurate. The twelfth instruction given for appellee is: "The court instructs the jury that the note in evidence, if executed by the deceased, David Bell, is prima facie evidence that at the time of its execution, David Bell was indebted to the plaintiff, David E. Bell, for the full amount specified in the note; and, before the defendant can defeat that claim, he must prove by a preponderance of the evidence that there was no consideration for the giving of the note, or that it has been paid, *or that it has not the genuine signature of David Bell attached thereto.*"

The latter part of this instruction places on the estate the burden of proving that the signature to the note is not the signature of the deceased, while the law is that the burden of proving the signature is on the appellee, when the execution of the instrument had been denied by an affidavit made by one of the heirs to the estate.

It is also contended on behalf of appellant that there was no consideration for the note and that it was a gift from the deceased to the appellee, and if the note was executed by the deceased that it had been wholly or in part paid. Upon these questions the burden of proof was upon appellant. If the appellee proved the execution of the note by the deceased by a preponderance of the evidence, then appellee would be entitled to recover for the full amount of the note, unless the appellant sustained by a preponderance of the evidence some one of the other defenses claimed.

A book kept by the deceased containing several pages of accounts was offered and admitted in evidence. The fourth instruction given at the request of appellee directed the attention of the jury particularly to the entries on "page 91 thereof." Instructions should not direct the jury's attention to particular portions of the evidence and thereby give such evidence special prominence.

Since the case must be reversed for the errors pointed out we refrain from expressing any opinion on its merits. The judgment is reversed and the cause remanded.

*Reversed and remanded.*