## James F. Bippus, Appellant, v. Charles W. Vail, Appellee.

### Gen. No. 27,918.

NEGOTIABLE INSTRUMENTS—*proof of delivery of note by maker as part of prima facie case where denied by verified plea.* Proof of delivery by the maker, of the note sued on, is an essential part of a prima facie case against him on the note by the holder thereof, notwithstanding the maker's admission in the trial that he signed the note; and the presumption raised by Negotiable Instruments Act, art. 1, sec. 16, Cahill's Ill. St. ch. 98, ¶ 36, that delivery will be presumed in certain cases until the contrary is proven, where the maker filed a verified plea denying execution, under Practice Act, sec. 52, Cahill's Ill. St. ch. 110, ¶ 52, making such plea prerequisite to denial of execution of a written instrument on which action has been brought, since delivery is an essential part of execution.

TAYLOR, J., dissenting.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. ADAM C. CLIFFE, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1922. Affirmed. Opinion filed October 17, 1923.

BARTHELL, FITTS & RUNDALL, for appellant.

McGILVRAY, EAMES, VAUGHAN & TILLEY, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

The plaintiff, Bippus, brought this suit against the defendant, Vail, on a promissory note for $5,000, signed by the defendant Vail and four others, and drawn to the order of George D. Jones, and indorsed "Geo. D. Jones." The plaintiff's declaration consisted of the consolidated common counts and a special count, reciting the execution and the indorsement of the note. The defendant filed five pleas: (1) *non-*

*assumpsit;* (2) that the note was not executed by him; (3) that the plaintiff was not a holder in due course, because the note was without consideration and was not indorsed by the payee; (4) that the plaintiff was not a holder in due course because the note was not delivered; (5) that plaintiff was not a holder in due course because he acquired the note after maturity and with knowledge of its imperfections. The defendant verified his first two pleas but not the others.

On the trial of the case, the defendant admitted that the note bore his signature. The note itself was offered and received in evidence. Proof was submitted as to the amount due on the note, with interest and, thereupon, the plaintiff rested. The defendant then moved for a directed verdict, which motion was allowed, and upon the directed verdict judgment was entered in favor of the defendant and against the plaintiff, to reverse which, the plaintiff has prosecuted this appeal.

The sole question involved here is whether or not the plaintiff was required to submit some proof on the proposition of delivery of the note, in order to make out a prima facie case. The trial court held that he did, and inasmuch as the plaintiff submitted no evidence on that question, the court held that a prima facie case had not been made out. In our opinion the holding of the trial court was correct.

Section 16 of article 1 of the Negotiable Instruments Act (Cahill's Ill. St. ch. 98, ¶ 36) provides that:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional or for a special purpose only, and not

for the purpose of transferring the property in the instrument. But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him, is conclusively presumed. And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved.''

Section 52 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 52) provides that:

''No person shall be permitted to deny, on trial, the execution or assignment of any instrument in writing, whether sealed or not, upon which any action may have been brought, or which shall be pleaded or set up by way of defense or set-off, or is admissible under the pleadings, when a copy is filed, unless the person so denying the same shall, if defendant, verify his plea by affidavit; and if plaintiff shall file his affidavit denying the execution or assignment of such instrument: *Provided,* if the party making such denial be not the party alleged to have executed or assigned such instrument, the denial may be made on the information and belief of such party.''

The proposition set forth in section 52 of our present Practice Act has long been the law of this State. It was section 33 of the Laws of 1872, and the substance of the present section was section 14 of the Practice Act in the Revised Statutes of 1845 (Rev. St. 1845, p. 415, ch. 83, sec. 14). It first appeared as the last part of section 12 of an ''Act Concerning Practice in Courts of Law,'' approved January 29, 1827. In *Longley v. Norvall,* 2 Ill. 389, which was an action of covenant on a note, the court pointed out that at common law, where one was sued on an instrument in writing and the defendant filed a plea of *non est factum,* the plaintiff was under the necessity of proving the execution of the instrument. The court there said: ''This rule of evidence was considered by the legislature as imposing an unreasonable bur-

den upon the plaintiff and hence the passage of this act to dispense with proof of the execution of written instruments, unless the defendant denied their execution on oath. The legislature did not intend to change the rules of pleading, as respects this plea, but to dispense with a rule of evidence that was oppressive. If a party, when he files his plea, does not verify it by affidavit, he may, notwithstanding this omission, rely on any legal defense under his plea that he could have done at common law, except merely denying or disproving the execution of the writing declared on." In *Stevenson v. Farnsworth*, 7 Ill. 715, the court refers to the same provision of the Act of 1827 and then says: "Under this provision, the genuineness of the instrument sued on is admitted, unless its execution is denied on oath by the person charged to be the maker." The court then refers to *Longley v. Norvall, supra,* and repeats the language there used which we have already quoted. This has ever since been the law in this State with respect to suits on written instruments.

It was a general rule of the Law Merchant, prior to the enactment of the Negotiable Instruments Act, that the proper delivery of a promissory note indorsed in blank would be presumed, and title to such a note was considered, prima facie to be in the person in whose possession it was. *McHenry v. Ridgely*, 3 Ill. 309; *Curtiss v. Martin*, 20 Ill. 557; *Palmer v. Nassau Bank*, 78 Ill. 380; *Morris v. Preston*, 93 Ill. 215; *Ryan v. Illinois Trust & Savings Bank*, 100 Ill. App. 251. Section 16 of the Negotiable Instruments Act is but a restatement of that general rule of law as it existed prior to the enactment of that act. The act is referred to in the *Sublette Exchange Bank v. Fitzgerald*, 168 Ill. App. 240, as a codification of the Law Merchant.

This being the state of the law, our Supreme Court again had occasion to construe the provisions of the

Practice Act (our present section 52) in *Bailey v. Valley Nat. Bank,* 127 Ill. 332, which was a suit on promissory notes. In that case the defendants filed an unverified plea of *non-assumpsit,* and with it a notice that on the trial they would deny the execution of the notes sued on and they also filed an affidavit executed by one of them setting forth that the notes were not executed by them. The court held that this did not amount to a verification of the plea "which the pleader must verify by his affidavit before the plaintiff is put to proof, in the first instance, of the execution of the instrument declared on, and before the defendant can be heard to deny the execution of the instrument." The court held that the notice of special defense filed by the defendants, though verified, was not a plea denying the execution of the notes sued on, and that the effect of the filing of the notice was not to cast on the plaintiff the burden of proving their execution and therefore that the trial court had not erred in admitting the notes without proof of their execution. It will thus be seen that although the provisions of section 16 of our present Negotiable Instruments Act was then the law as a part of the Law Merchant, the presumptions therein provided for were considered as destroyed, if such matters were expressly denied by the defendant by his verified plea. It has been held repeatedly that a verified plea, filed under the provisions of section 52, denying execution of an instrument sued on, will have that effect and will put the plaintiff to the burden of making proof of execution, or of delivery, if that is the matter denied by the verified plea, as a part of his prima facie case. *Wallace v. Wallace,* 8 Ill. App. 69; *Chicago Elec. Light Renting Co. v. Hutchinson,* 25 Ill. App. 476; *Reed v. Fleming,* 102 Ill. App. 668; *Walsh v. Marvel,* 130 Ill. App. 305; *Duquesne Security Co. v. Hodgens,* 182 Ill. App. 88; *Bell v. Bennett,* 188 Ill. App. 62; *Nokomis Nat. Bank v. Hendricks,* 205 Ill.

App. 54; *Halladay v. Blair,* 223 Ill. App. 609. In the latter case the court expressly refers to "subsection (c) of section 16." That section is not divided into subsections, either in the Session Laws of 1907, the year of the enactment of the act, or in any of the various editions of our statutes. Presumably the court is referring to the last part of the section. The court says of it that it has no application to proceedings of this kind "where an affidavit is filed denying the execution and delivery of a note." The court held that under circumstances presented in that case there was no presumption arising from the fact of possession. Counsel for plaintiff seek apparently to distinguish the case last referred to from the case at bar by calling attention to the fact that in that case the court refers to a situation where the verified plea denied "execution and delivery" whereas in the case at bar merely delivery is denied and on the trial the defendant admitted he signed the note. In our opinion, the cases may not thus be distinguished. Delivery is an essential part of the execution of a note. Delivery will be presumed, where the note is no longer in the possession of the party whose name appears on it, unless it is expressly denied by verified plea, and when it is the plaintiff will be put to the burden of proving delivery as a part of his prima facie case.

The only decision of our courts to the contrary, to which our attention has been called, or which we have been able to find, is *Woltzen v. Weiman,* 168 Ill. App. 220, in which it was held that the two sections of the statute, section 16 of the Negotiable Instruments Act and section 52 of the Practice Act, were inconsistent, that the latter was general and the former specific and, therefore, to the extent of their inconsistency, the former must be held to supersede the latter. We do not consider these sections as being inconsistent or in conflict. Section 16 merely says that under certain circumstances delivery of a negotiable instrument will

be presumed until the contrary is proved. Section 52 says that before anyone will be permitted to deny execution of such an instrument (which includes delivery) such person must file a verified pleading to that effect.

Neither section of the statutes disturbs or effects the further proposition that presumptions as to the execution of a written instrument, whether such presumptions are created by the general law or by statute, are destroyed by a plea duly verified, which has the effect of denying the execution of such instrument or some one of its essential elements.

On the trial of the case at bar, the defendant admitted he had signed the note sued upon. But one of the essential elements of his execution of the note, so as to be liable to pay it, was that it had been delivered by him. That element he denied by special plea and he verified the plea. The effect of the verified plea was to destroy any presumption created under section 16 of the Negotiable Instruments Act and to put the plaintiff to the burden of submitting proof as to delivery, in order to make out a prima facie case. He submitted no such proof and, therefore, the trial court did not err in granting the defendant's motion for a directed verdict.

For the reasons stated the judgment of the circuit court is affirmed.

*Judgment affirmed.*

O'Connor, J., concurs.
Taylor, P. J., dissents.