# Vincent G. Gallagher, Appellee, v. Emil G. Schmidt, Receiver, Appellant.

## Gen. No. 28,049.

1. APPEAL AND ERROR—*review of pleadings on appeal from judgment thereon.* The sufficiency of the declaration and also that of the pleas thereto is raised for review on appeal from a judgment in an action in debt entered for plaintiff on his affidavit of claim attached to his declaration after demurrer was sustained to the pleas and overruled to the declaration on motion to carry it back, where defendant elected to stand by its pleas and moved in arrest of judgment.

2. ASSIGNMENTS—*sufficiency of allegations of assignment of judgment and appeal bond in declaration on bond.* An assignee of a judgment and an appeal bond sufficiently alleges that he is the bona fide owner of the judgment and bond within the meaning of Practice Act, sec. 55, Cahill's Ill. St. ch. 110, ¶ 18, permitting an assignee to sue in his own name on an allegation that he is the actual bona fide owner of the assigned chose, setting forth how and when he acquired title, as against the claim that he holds for collection only, where the declaration pleads the recovery of the judgment, the giving of the appeal bond, and sets forth *in hæc verba* the bond and the assignments of the judgment and the bond, and the assignments are absolute on their face and for a valuable consideration, although it is recited in the assignment of the judgment that the assignee was and will continue to be the attorney at law for the plaintiff in the original suit until final disposition thereof, and that he is authorized to receive, collect and satisfy the judgment.

3. ASSIGNMENTS—*alleging assignment in hæc verba under videlicet sufficient where assignment dated.* The time of assignment of a judgment is sufficiently alleged in a declaration in debt on an appeal bond by the assignee thereof and of the judgment, although it is laid under a videlicet, where the assignment is alleged *in hæc verba* and bears a specific date, such allegation being within the requirements of Practice Act, sec. 18, Cahill's Ill. St. ch. 110, ¶ 18.

4. PLEADING—*affidavit of claim as verification of declaration under Practice Act.* In an action in debt by the assignee of a judgment and an appeal bond to enforce the bond against the surety, the requirements of Practice Act, sec. 18, Cahill's Ill. St. ch. 110, ¶ 18, as to verification, are sufficiently complied with to sustain a judgment for the penal amount of the bond, entered on the affi-

davit of claim attached to the declaration, which is not verified, where it is averred in the affidavit that suit is brought to recover the amount of the penalty of the bond, that the amount is justly due after allowing all just credits, deductions and set-offs, and that the judgment was obtained, the bond executed and the assignments of the judgment and bond made as alleged in the declaration wherein the bond and assignments are set out *in hæc verba*.

5. ASSIGNMENTS—*insufficiency of pleas in action in debt on assigned appeal bond.* In an action in debt on an appeal bond by the assignee thereof, pleas of *nil debet, non damnificatus* and that plaintiff is not the bona fide owner of the judgment and bond in suit were properly held bad on demurrer where they were predicated on the alleged insufficiency of the declaration to allege that plaintiff was the bona fide owner of the judgment and bond, where that fact was sufficiently alleged within the meaning of Practice Act, sec. 55, Cahill's Ill. St. ch. 110, ¶ 55, relative thereto.

6. CORPORATIONS—*when signing of appeal bond as surety not ultra vires act of street railroad corporation.* It was not an ultra vires act for a street railway corporation to sign an appeal bond as surety for the receiver of lines of street railway operated by the surety under contract with the receiver, where such lines might be levied on under an execution issued on the judgment against the receiver from which the appeal was taken.

7. APPEAL AND ERROR—*enforceability of appeal bond in direct suit on judgment payable in course of receivership.* A surety on an appeal bond given on appeal of a judgment against a receiver of street railway lines which are being operated under contract by the surety is liable in a suit on the bond rather than in a proceeding for an accounting, where the condition of the bond is that if the appeal is not prosecuted with effect and the judgment is not paid the obligation to pay is absolute, notwithstanding the judgment against the receiver was to be paid in due course of administration.

8. JUDGMENTS—*power to enter judgment after term.* Liability of a surety upon an appeal bond in a direct suit to enforce the bond cannot be avoided on the ground that the judgment against the principal from which appeal was taken was not entered until the term following that in which a motion for new trial and in arrest of judgment were overruled and that therefore all matters had been disposed of by the trial court at the term preceding that in which judgment was entered, such judgment having been affirmed by the Appellate Court and certiorari having been denied by the Supreme Court.

9. JUDGMENTS—*when judgment properly entered on affidavit of claim.* Judgment was properly entered for plaintiff in a suit against the surety on an appeal bond, on plaintiff's affidavit of claim, where defendant filed certain verified pleas, including the general issue,

which were overruled on demurrer and by which defendant elected to stand, even though verified pleas were equivalent to an affidavit of merits, since it fell when the pleas were overruled, and the affidavit of claim, standing unopposed, entitled plaintiff to judgment under the express provisions of Practice Act, sec. 55, Cahill's Ill. St. ch. 110, ¶ 55.

THOMSON, J., dissenting.

Appeal by defendant from the Superior Court of Cook county; the Hon. HARRY A. LEWIS, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1922. Affirmed. Opinion filed December 26, 1923. Rehearing denied January 9, 1924.

WILLARD M. McEWEN, for appellant.

EDWARD M. WINSTON, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Vincent G. Gallagher brought an action of debt on an appeal bond against Emil G. Schmidt, as receiver of the Suburban Railroad Company, a corporation, as principal, and the Chicago & West Towns Railway Company, a corporation, as surety. The surety alone was served. It entered its appearance, filed nine pleas, to which plaintiff interposed a demurrer and it was on argument sustained. Thereupon, on motion of the defendant, the demurrer was carried back to the declaration, and upon argument it was overruled. The defendant then elected to stand by its pleas and a judgment for $35,000 in debt to be discharged upon the payment of the damages of $35,000 was entered on plaintiff's affidavit of claim attached to his declaration, and this appeal is prosecuted to reverse the judgment.

The defendant having entered its motion to arrest the judgment, the question of the sufficiency of the declaration to support the judgment is raised. *Kipp v. Lichtenstein*, 79 Ill. 358; *People v. City of Spring Valley*, 129 Ill. 169. And since plaintiff elected to

stand by its pleas after the court had sustained a demurrer to them, the question of the sufficiency of the pleas is also saved for review.

The declaration is in the usual form of debt in such a proceeding, except that it sets out the bond *in hæc verba* and an exhibit to the bond, and which was made a part of it, is likewise set up in the declaration.

It appears from the bond that it was given in a case wherein Michael Filicetti had obtained a judgment against defendant, Emil G. Schmidt, as receiver of the Suburban Railroad Company, in the sum of $31,341.52 and costs of that suit. The bond is in the usual form in the sum of $35,000. The exhibit attached to and made a part of the bond recites the organization of the Suburban Railroad Company and the operation by it and its predecessors of certain street car lines in Chicago and certain suburbs. It also recites that the defendant, the Chicago & West Towns Railway Company, operated certain lines of street cars; that in 1902 the Suburban Railroad Company went into the hands of a receiver, and that Emil G. Schmidt became and still is receiver of that company; that the roads were operated at a loss and the receiver issued his certificates to make necessary repairs aggregating $379,000; that in February, 1918, the defendant, the Chicago & West Towns Railway Company, with the approval of the circuit court of Cook county and of the State Public Utilities Commission of Illinois, took a transfer of the properties held by the receiver and which had belonged to the Suburban Railroad Company, and has been operating such property since March, 1918, as part of its system; that the defendant recognizes that it will be obliged to take care of the debts of the receiver or be subject to a proceeding for an accounting; and that it proposes to pay any debts which might be established against the receiver, Emil G. Schmidt "and being so liable it has authority to join in the annexed bond and to

be liable to the obligee thereof according to its terms and conditions." This exihibt was signed by the defendant, by its president, as was also the appeal bond to which it was attached and made a part thereof.

It is then averred in the declaration that the judgment rendered against Emil G. Schmidt, receiver, in favor of Michael Filicetti, from which an appeal bond was taken to this court and the judgment affirmed; that afterwards the order of the Appellate Court affirming the judgment was vacated and the appeal dismissed; that subsequently a writ of error was sued out from this court to reverse the judgment in favor of Filicetti; and upon hearing by this court in due course it was affirmed; that afterwards a petition for a writ of certiorari was filed in the Supreme Court seeking a review of the case, but the writ was denied and that the judgment stands in full force and effect. [224 Ill. App. 633.]

It is further averred that on February 14, 1922, after the affirmance of the judgment, Filicetti, "sold, assigned, transferred and set over unto the plaintiff all his right, title and interest in and to the judgment" referred to in the bond. That assignment is set up *in hæc verba* and recites that plaintiff, an attorney at law, has represented Filicetti since November 4, 1910, and has rendered him services in connection with the preparation and trial of the suit, both in the trial court and in this court, in which Filicetti obtained the judgment, and that plaintiff is to represent him until the matter is disposed of. The assignment then continues:

"In consideration of the premises, One Dollar ($1.00) to me in hand paid and other good and valuable considerations, the receipt whereof is hereby acknowledged, I hereby sell, assign, transfer and set over unto said Vincent G. Gallagher and his heirs and assigns, said judgment recovered by me   *   *   * and I hereby authorize said Vincent G. Gallagher as my attorney, agent and attorney-in-fact, in my name,

place and stead to receive, collect and receipt for the amount due me upon said judgment and to satisfy the same on the judgment docket of said Superior Court of Cook County and said Appellate Court in my name, place and stead and to issue in my name, place and stead any releases, acquittances, satisfaction pieces, etc., desired or requested by the defendant.''

It is further alleged that on April 25, 1922, Filicetti ''sold, assigned, transferred and set over'' to plaintiff all his right, title and interest in and to the appeal bond. Such assignment is set forth in the declaration and is as follows:

''In consideration of the sum of One ($1) Dollar and other good and valuable considerations to me in hand paid, the receipt whereof is hereby acknowledged, I hereby sell, assign, transfer and set over unto Vincent G. Gallagher, all my right, title and interest in and to the appeal bond  *  *  *  and I hereby authorize, direct and request him to take all steps to collect the amount due under and by virtue of said bond and to institute suit thereon in any court of competent jurisdiction to recover the penalty and any and all damages due me under said bond, in his name or my name as he may elect, hereby ratifying and confirming all that he may do in the premises.''

It is further averred that the judgment and costs are still unpaid. Attached to the declaration is an affidavit made by plaintiff in which he deposes and says that he is the plaintiff and ''that said suit is brought to recover the amount of the penalty and damages upon the certain appeal bond referred to in the declaration and that there is now justly due and owing to him on the bond after allowing to the defendants all their just credits, deductions and set-offs, the sum of Thirty-five Thousand Ten Dollars and Eight Cents.''

There was also attached to the declaration a ''copy of instruments sued on''; copy of the exhibit which was attached to the appeal bond; copy of the appeal

bond; copy of the assignment of the judgment and a copy of the assignment of the appeal bond.

To the declaration the defendants filed nine pleas: (1) *nil debet;* (2) and (3) that the execution of the appeal bond was ultra vires the defendant; (4) and (5) that the defendant was only liable in a proceeding for an accounting and not in a suit on the bond because the judgment was to be paid solely out of the property in the hands of the receiver in due course of administration; (6) and (7) that the judgment entered in favor of Filicetti by the superior court of Cook county was void, because the court had no jurisdiction for the reason that a motion for a new trial and in arrest of judgment were overruled at the December term of that court, while judgment was not entered until the following term; (8) *non damnificatus* and (9) ''that the plaintiff is not the bona fide owner of the judgment in the said supposed writing obligatory mentioned.'' The first, eighth and ninth pleas tender issue and the others conclude with the verification. Attached to the pleas is an affidavit by a representative of the defendant wherein he stated that he believes the defendant had a good defense ''upon the merits to the whole of plaintiff's demand; and the facts on which said defendant relies are as shown in and by the foregoing pleas of the said defendant. And affiant avers that he has read the foregoing pleas and knows the contents thereof and that the same are true in substance and in fact.''

It will be observed that no plea was filed denying the execution of the bond, but on the contrary it is admitted that the bond was executed as set up in the declaration.

1. The defendant contends that the declaration does not state a cause of action and that the judgment is wrong because plaintiff did not aver, make affidavit and prove that he was the bona fide assignee of the bond and judgment as required by section 18 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 18], and in sup-

port of this counsel argues that the assignments of the judgment and appeal bond themselves show that they were "merely assignments for collection and were not within the statute permitting a recovery by an assignee"; that this is shown in the assignment of the judgment because it is there recited that Gallagher has rendered services as an attorney for Filicetti, both in the trial court and the courts of review, in the matter of obtaining the judgment involved, and that he is to continue to represent him until the matter is disposed of; and that the assignment then authorizes Gallagher, as the attorney and agent of Filicetti, to receive, collect and satisfy the judgment in case it is paid; that these recitations in the assignments show that Gallagher is not the equitable and bona fide owner of the judgment, and, therefore, not within the provisions of section 18 of the Practice Act.

Section 18, so far as it is pertinent here, is as follows:

"The assignee and equitable and bona fide owner of any chose in action not negotiable, heretofore or hereafter assigned, may sue thereon in his own name, and he shall in his pleading on oath, or by his affidavit, where pleading is not required, allege that he is the actual bona fide owner thereof, and set forth how and when he acquired title; but in such suit there shall be allowed all just set-offs, discounts and defenses, not only against the plaintiff, but also against the assignor or assignors, before notice of such assignment shall be given to the defendant."

Prior to the amendment of this section in 1907, where a chose in action was assigned, the law required that suit be brought in the name of the assignor for the use of the assignee. And to remedy this, so as to permit the assignee to bring suit in his own name, the statute was passed. It is a general rule of statutory construction that statutes relating to remedies and procedure are to be liberally construed with a view to the effective administration of justice. And

this is especially true of statutes designed to render
the method of procedure more simple and convenient.
36 Cyc. 188; *McKey v. Provus,* 181 Ill. App. 364;
*People v. Sholem,* 238 Ill. 203; *State v. Alderman,*
81 N. J. L. 549; *Boos v. McClendon,* 130 La. 814.

In the *McKey* case, in construing section 55 of the
Practice Act [Cahill's Ill. St. ch. 110, ¶ 55] which
permitted a judgment to be entered for the amount
the defendant admitted due and that a trial be had
for the balance of plaintiff's claim, the court said that
section 55 "must be regarded as a highly remedial
statute intended to do away with the technical rule
of the common law which permitted only one judg-
ment to be entered in a suit, and allow a judgment
to be entered in an action for what was admitted to
be due and allow the cause to proceed in the regular
way to trial and judgment as to the disputed part of
the demand sued on." The court then referred to a
number of cases on the construction of this statute,
and said those cases (p. 369) "indicate that remedial
statutes of the character of section 55 of the Practice
Act as amended must be given a broad and liberal
construction for the purpose of carrying out the ob-
ject which the statute seeks to accomplish." In view
of this rule of construction, we think section 18 should
be liberally construed so as to carry out the intention
of the legislature. Of course, the assignee under that
section must bring himself within the terms of it be-
fore he is authorized to bring a suit in his own name.
That section provides that to authorize an assignee to
sue in his own name, he must show that he is the equi-
table and bona fide owner of the chose in action, and
state in his pleading on oath how and when he acquired
title to the chose in action.

We think plaintiff complied with the provisions of
this section, because he sets forth in his declaration
the assignments of the judgment and bond. In the
assignment of the judgment, it is stated that plaintiff

has rendered services to Filicetti in the procuring of judgment in the trial court and in the courts of review. And it is stated that in consideration of these services and one dollar ($1) Filicetti sells, assigns, transfers and sets over to plaintiff the judgment in question. Likewise Filicetti sells, assigns and transfers to plaintiff the bond in question for a consideration of one dollar ($1). By these assignments the title to the judgment and bond passed to Gallagher from Filicetti, and the fact that in the assignment of the judgment Filicetti also authorized plaintiff to receive, collect and satisfy the judgment, only goes to show that the defendant in the judgment is authorized to pay it to Gallagher.

The time when the judgment was assigned to plaintiff by Filicetti is laid under a videlicet, and it is contended that this is not in compliance with section 18 of the Practice Act, which requires that the specific date be set forth. While it is true that the allegation is laid under a videlicet, it is also a fact that the assignment of the judgment is set forth in full in the declaration and is dated February 4, 1922, but even if the date of the assignment was under a videlicet, it would be sufficient as that date must be taken to be the true date in testing the sufficiency of the pleadings, *Bishop v. Dignan,* 223 Ill. App. 178.

Plaintiff further contends that the judgment is wrong and that the declaration did not meet the requirements of section 18 because it was not verified; that this appears from plaintiff's affidavit of claim; that the most that can be said is that the affidavit attached to the pleading states but a conclusion that the defendant is indebted to plaintiff. In construing an affidavit of claim attached to a declaration, it must always be read in connection with the declaration itself. And when the affidavit of claim states that there is an amount due and owing the plaintiff from the defendant, after allowing him all just credits, deductions

and set-offs, it means that such debt is due and owing by virtue of what is alleged in the declaration. In plaintiff's affidavit of claim, which is attached to his declaration, he makes oath that suit is brought to recover the amount of the penalty and damages upon the appeal bond referred to in the declaration, and there is justly due and owing him from the defendant, after allowing all just credits, deductions and set-offs, $35,010.08. By this affidavit plaintiff swears that the judgment was obtained, the bond executed and the assignments made as set up in the declaration. We think this is such a verification as meets the requirements of the statute. *Illinois Flower Box Co. v. Dunn*, 210 Ill. App. 113.

In the *Dunn* case, which was an action of the fourth class begun in the municipal court of Chicago, plaintiff as the assignee of a chose in action brought suit. In its statement of claim it alleged that the claim had been assigned, transferred and set over to it. Attached to this statement of claim was an affidavit that there was due and owing to it from the defendant a certain sum. It was contended that this did not meet the requirements of section 18, because it failed to state that plaintiff was a bona fide holder of the assigned chose in action; and we held that since the affidavit taken in connection with the statement of claim set up that there was a certain amount due to plaintiff, it necessarily followed that plaintiff was the bona fide holder thereof. The pleadings in first and fourth-class cases are now the same.

Did the court err in sustaining plaintiffs demurrer to the defendant's pleas? The defendant contends that the court was in error in its ruling on this question. And it argues that its first plea of *nil debet,* its eighth plea of *non damnificatus,* and its ninth plea that plaintiff was not the bona fide owner of the judgment and bond, were good, and the demurrer to them should have been overruled. In support of this, it is said

that the ''plea of general issue verified is the same as *non est factum* verified and puts in issue all facts in issue essential to plaintiff's recovery.''   And it is then argued that while these three pleas might not be good had the suit been brought by Filicetti, yet they were good in the instant case, because the suit was brought by Filicetti's assignee, and that plaintiff must allege an equitable title in himself, which must be verified. What we have said above in discussing the allegations of the declaration is a sufficient answer to this argument.

Plaintiff being the legal and equitable owner, as he alleged and verified, the pleas were bad.   The plea of *nil debet* is a bad plea and subject to demurrer when filed in an action of debt on a bond.   *Shunick v. Thompson,* 25 Ill. App. 619; *Chipps v. Yancey,* Breese (Ill.) 19.   The plea of *non damnificatus* was also bad.   *Terre Haute & I. R. Co. v. Peoria & P. U. Ry. Co.,* 182 Ill. 501.   So also was the ninth plea bad in averring that plaintiff was not the bona fide owner of the judgment mentioned in the bond, because defendants contention is that the assignment of the judgment shows that plaintiff was only authorized to collect it for Filicetti. Moreover the averment was but a conclusion of the pleader.

The second and third pleas were to the effect that the execution of the bond in suit was ultra vires the defendant corporation, because, by its charter, it was authorized to construct and operate street railroads, and, therefore, it had no authority to sign an appeal bond such as the one in suit.   It is the law that a corporation can exercise only such powers as are conferred by its charter in expressed terms or by necessary implication.   *Calumet & C. Canal & Dock Co. v. Conkling,* 273 Ill. 318.   It is also the law that corporations may perform acts which tend to promote the corporate business and the existence of the corporation, although not expressly authorized by the charter.

*Kraft v. West Side Brewery Co.*, 219 Ill. 205.

We think the act of the defendant in becoming surety upon the bond in suit was within its power. It was interested in securing a reversal of the judgment in favor of Filicetti, because part of its system which it purchased from Schmidt, the receiver, might be levied upon under an execution issued on the judgment. Its act in signing the bond in an endeavor to have the judgment set aside was directly for its benefit, and in these circumstances it cannot be said that the bond is not binding upon it.

It is next contended that the fourth and fifth pleas were good because the judgment in favor of Filicetti was to be paid in due course of administration, and that the bond did not specifically provide that it was to be paid absolutely and at all events. We think this is not borne out by the record. The condition of the bond is that if the appeal is not prosecuted with effect and the judgment is not paid, the obligation to pay is absolute.

Defendant further argues that the judgment rendered in favor of Filicetti and against Schmidt, the receiver, was a nullity, because the trial court had disposed of all the matters during the December term and entered judgment at the succeeding term. There is no merit in the contention that judgment has been affirmed by this court, and certiorari was denied by the Supreme Court.

It is finally contended that the court had no power to enter judgment on plaintiff's affidavit of claim. The position of the defendant as stated by its counsel is that the "verified pleas of the defendant including the general issue which was equivalent to a plea of *non est factum* verified was a sufficient affidavit of merits against the general statement attached to the declaration. * * * The defendant was not in default, although it had elected to stand by its pleas. It could not be in default until it had been ruled to plea. Its

appearance was on file and necessarily there must have been something before the court which could be recorded as evidence.   There was nothing here before the court but the affidavit of claim, the effect of which had been nullified by the affidavit of merits, denying the liability of indebtedness.''

Counsel's position is not at all clear.   When the demurrer was sustained to the pleas and the defendant elected to stand by them, it is obvious that it should not be ruled to plead over.   And when its pleas were out of the case, as was the effect of sustaining the demurrer to them, the affidavit of merits was of no avail.

Section 55 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 55] provides that if plaintiff in any suit upon a contract expressed or implied, for the payment of money, shall file with his declaration an affidavit showing the nature of his demand, and the amount due him from the defendant, after allowing to the defendant all his just credits, deductions and set-offs, if any, he shall be entitled to judgment, as in case of default, unless the defendant shall file with his plea an° affidavit of merits.   The pleas having been held bad and the plaintiff having filed an affidavit of claim, he was entitled to judgment.   The judgment of the superior court of Cook county is affirmed.

*Affirmed.*

TAYLOR, P. J., concurs.

THOMSON, J., dissenting:   I do not concur in the foregoing decision.   In my opinion the trial court erred in sustaining plaintiff's demurrer to the ninth plea.   The plaintiff could not recover a judgment against the defendant in this suit unless he was in fact the bona fide owner of the Filicetti judgment.   Even assuming that the declaration properly alleged that plaintiff was such bona fide owner that the assignment therein set forth was to that effect, the ninth plea directly denied that allegation and alleged the contrary.   It tendered an issue of fact on a vital point

of the plaintiff's case. The defendant is entitled to a trial on that issue. The plea should have been held to be good and the demurrer to it should have been overruled.

I am further of the opinion that upon the demurrer being carried back to the declaration, it should have been sustained. Under the requirements of section 18 [Cahill's Ill. St. ch. 110, ¶ 18] of the Practice Act, one suing as an assignee of a non-negotiable chose in action, in a case in which formal pleadings are required, must allege "that he is the actual bona fide owner thereof, and set forth how and when he acquired title," and he must do this "in his pleading on oath." In other words, he must set forth the facts required in a verified pleading. That being the requirement of the statute, a defendant in such a case should not be required to plead until the plaintiff has filed a declaration containing the required allegations, and verified that pleading by his oath.

The declaration filed by the plaintiff in the case at bar, to which the demurrer was carried back, was not verified. The affidavit of claim was not a verification of the declaration. Where the statute calls for certain facts to be set forth in a verified pleading, it will not be satisfied by an unverified pleading plus an affidavit which does not verify the pleading. *Bailey v. Valley Nat. Bank,* 127 Ill. 332; *Bippus v. Vail,* 230 Ill. App. 633. Moreover, in my opinion, even if the plaintiff's declaration were verified, it should be held bad on demurrer because it fails to allege that the plaintiff is the actual bona fide owner of the chose in action sued upon, or facts tending to show that he is, but rather the facts alleged seem to indicate the contrary. The assignment of the Filicetti judgment recites that the consideration for the assignment consisted not only of past services on the part of the assignee for the assignor but future services "until the matter is disposed of." The further language of the assign-

ment is at least as consistent with an assignment to collect as with an absolute assignment.

In my opinion, *Illinois Flower Box Co. v. Dunn,* 210 Ill. App. 113, has no application to the case at bar. The case cited was an action of the fourth class in the municipal court of Chicago, in which formal pleadings are not required.