## Ellen C. Halladay, Appellee, v. Estate of Ellen C. Blair, Deceased. Tracey M. Hancock, Executor, Appellant.

## Gen. No. 6,935.

1. EXECUTORS AND ADMINISTRATORS—*when claimant has burden of proving making and delivery of notes by testatrix.* In a suit against an estate upon promissory notes purporting to be signed by testatrix where the executor was, after the case had been called for trial, allowed to file an affidavit under section 52 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 52), denying that the notes were executed by testatrix, the burden of proof was cast upon claimant to show the making and delivery of the notes.

2. WITNESSES—*when testimony by claimant against deceased's estate not admissible.* Testimony by a claimant against an estate on promissory notes purporting to have been executed by testatrix that she had had the notes in her possession ever since the death of testatrix was not admissible as concerning matters occurring after the death of testatrix, within the exception of section 2 of the Evidence Act (Cahill's Ill. St. ch. 51, ¶ 2), the obvious purpose of such testimony being to create an inference of delivery of such notes to claimant during the lifetime of testatrix.

3. TRIAL—*when motion for directed verdict against claimant against deceased's estate should be allowed.* Where the only evidence of the execution and delivery of promissory notes forming the sole basis of a claim against an estate was incompetent testimony of claimant that she had been in possession of such notes ever since the death of testatrix, a motion for a directed verdict against claimant should have been allowed.

4. EXECUTORS AND ADMINISTRATORS—*when instruction in action on claim is erroneous.* An instruction given on behalf of a claimant against an estate upon promissory notes that, if the jury should find that the signatures to the notes were the true and genuine signatures of testatrix, it would be their duty to find in favor of claimant, was erroneous because it ignored the question of delivery which was made an issue by the affidavit of defense.

5. EXECUTORS AND ADMINISTRATORS—*when instruction in action on claim is erroneous.* An instruction, given on behalf of a claimant against an estate upon promissory notes purporting to be signed by testatrix, that mere possession of the notes was prima facie evidence that claimant was the owner thereof and that the same were unpaid was erroneous where an affidavit had been filed denying the execution and delivery of the notes.

6. EXECUTORS AND ADMINISTRATORS—*when testimony in action on claim is irrelevant and immaterial.* Where a daughter, making a claim against the estate of her mother, had failed to sustain the burden of proof as to the execution and delivery of the notes upon which the claim was based, testimony offered consisting of family history, declarations alleged to have been made by the deceased as to her debts, and evidence of an alleged gift of money to another daughter, was irrelevant and immaterial.

Appeal from the Circuit Court of Marshall county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the April term, 1921. Reversed and remanded. Opinion filed November 2, 1921.

CLARENCE W. HEYL and B. W. WRIGHT, for appellant; E. D. RICHMOND and HARRY C. HEYL, of counsel.

HOMER BARNEY and BARNES, MAGOON & BLACK, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

This is an appeal from the judgment of the circuit court of Marshall county, Illinois, allowing a claim of Ellen C. Halladay against the estate of her mother, Ellen C. Blair, deceased, in the sum of $2,685 and costs. The claim consisted of nineteen promissory notes which have been certified to this court as exhibits. These notes purport to have been signed by Ellen C. Blair. The claim was allowed in the county court of Marshall county and an appeal to the circuit court was taken. After the cause had been called for trial in the circuit court, the executor by leave of court filed an affidavit under section 52 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 52), denying the making and delivery of each of the said notes by the deceased. A trial was had by a jury and a verdict was returned in favor of the claimant upon which judgment was rendered.

The effect of filing the affidavit above mentioned was to cast the burden of proof upon the claimant as

to the making and delivery of said notes. In order to make the necessary proof of the genuineness of the signatures there was admitted in evidence genuine signatures of the deceased as standards. No witness was called to prove the genuineness of the signatures on any of the notes. In order to prove the delivery of the notes, the claimant was permitted to testify over the objection of the appellant, executor, that she had had possession of all the notes at all times from her mother's death until she, the claimant, delivered them to her attorney in this case for the purpose of filing them as claims against her mother's estate. The admission of this testimony by the court is assigned as error.

It is contended that she was a competent witness to give such testimony under the first exception of section 2, ch. 51, of Hurd's Revised Statutes (Cahill's Ill. St. ch. 51, ¶ 2) because such testimony had reference to a transaction occurring after the death of her mother. It is further contended by the claimant that if such testimony was competent and admissible, then it furnished proof of her possession of the notes immediately upon the death of her mother, and that this possession raises the presumption or at least leads to the necessary inference that the notes were delivered to her by her mother. The provision of the law which renders a claimant incompetent to testify concerning transactions which occurred during the lifetime of the decedent is founded upon sound considerations of public policy. The statute in this regard was intended to protect estates of deceased persons from assaults which would tend to reduce or imperil the estate. If it were not so, the greatest injustice would be the result. A willing living witness would have the whole case in his own power; and a door to perjury would be opened so wide and so inviting as to require great moral firmness to decline an entrance into it. It would be a temptation very many would not be able to resist. *Boynton v. Phelps,* 52 Ill. 210.

The obvious purpose of eliciting the testimony from the claimant that she had been in possession of the notes in question from the time of the death of her mother until she had delivered them to her attorneys was to furnish proof that the claimant had possession of the notes prior to the death of her mother. If claimant's counsel had asked her upon the trial whether or not she had possession of the notes prior to the death of her mother, such question would have been objectionable because of the incompetency of the witness. If she could not have been permitted to answer the question, upon what ground may she be permitted to answer a question framed in different language but which is tantamount to it? What cannot be allowed by direct question cannot be allowed through a skillfully framed indirect interrogatory. *Telford v. Howell*, 220 Ill. 52. Without this testimony of claimant there is nothing in the record tending to prove a delivery of the notes. Therefore the appellant's motion for a directed verdict should have been allowed.

The first instruction given on behalf of the claimant is erroneous because the jury were told that if they should find from the evidence that the signatures to said notes were the true and genuine signatures of Ellen C. Blair, then it would be their duty to find a verdict in favor of the claimant. This instruction entirely ignores the question of delivery, which was made an issue in the case by the affidavit of defense. The claimant's second instruction was erroneous because it advised the jury that mere possession of the notes was prima facie evidence that the claimant was the owner thereof and that the same were unpaid. Neither subsection (c) of section 16 nor sections 24 and 28 of our statutes (Cahill's Ill. St. ch. 98, ¶¶ 36, 44; 48) have any application to proceedings of this kind where an affidavit is filed denying the execution and delivery of a note. Under the circumstances pre-

sented by this case there is no presumption arising from the fact of possession. Such an affidavit not only destroys all of the presumptions that would otherwise have been indulged with respect to ownership and delivery of negotiable instruments but it casts upon the claimant the necessity to prove the same as in a contested case at common law. *Nokomis Nat. Bank v. Hendricks*, 205 Ill. App. 54.

Under the state of the evidence in the case at bar, the testimony offered as to family history, declarations alleged to have been made by the deceased as to her debts and as to an alleged gift of money to another daughter was irrelevant and immaterial and ought not to have been admitted.

The judgment of the circuit court is therefore reversed and remanded to that court for another trial.

*Reversed and remanded.*