## In re Estate of Mandel Herr, Deceased.
### Bertha Felton, Appellee, v. Estate of Mandel Herr, Appellant.

Gen. No. 11,143.

Second District, First Division.
March 26, 1958.
Released for publication April 12, 1958.

John Heuer, of Sycamore, and Reid, Ochsenschlager & Murphy, of Aurora (John Heuer and William C. Murphy, of counsel) for appellant.

George Spitz, of DeKalb, for appellee.

JUSTICE McNEAL delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of DeKalb county, allowing a claim of Bertha Felton against the estate of her brother, Mandel Herr, deceased. Herr died testate on November 16, 1954.

The claim was based upon a promissory note dated December 16, 1949, payable to claimant for $6,000 on demand and without interest. The note purporting to have been signed by Mandel Herr was attached to the claim which was verified by claimant and filed against Herr's estate in the County Court of DeKalb county on March 10, 1955. On August 2, 1955, Herr's executor amended her answer and denied that deceased made or delivered the alleged note. The amendment was verified by the executor's affidavit that she had knowledge of the contents of the amendment and that the matters therein stated were true upon her information and belief. Claimant replied under oath that Herr did make and deliver the note, and that it was issued and given for good and valuable consideration. The County Court allowed the claim and an appeal was taken to the Circuit Court. There the claim was tried de novo before the court without a jury and judgment for $6,000 was entered against the estate.

For the claimant, several samples of Mandel Herr's signature were exhibited in evidence, and Herr's brother, Joseph, and three bankers testified that in their opinion the note bears Mandel Herr's signature. Joseph Herr also testified that his father, Isaac Herr, died in 1948 leaving his widow, three sons, Mandel, Martin and Joseph, and a daughter, the claimant; that Isaac and Mandel owned certain properties in joint tenancy; that after his father died, the other heirs learned of these joint tenancies, and his sister became excited and hollered out: "How come we are not in on a share of the property on 4th Street, and some of the farm land?" Mandel Herr replied: "Don't get excited, I will take care of you later on." Claimant was called as a witness, but objection to her testimony was sustained. Florence Herr, widow of Mandel Herr and executor of his estate, was called under section 60 of the Practice Act [Ill. Rev. Stats. 1957, ch. 110, § 60],

535

and testified that at the time she denied under oath that deceased made or delivered the alleged note, she had not seen the note, but her attorney had seen it and she had great confidence in him. At the conclusion of claimant's case, defendant's motion for judgment for the estate on the ground that delivery of the note had not been proven, was denied. The estate elected not to introduce any evidence.

Claimant relies upon the presumptions of valuable consideration and delivery created by sections 16, 24 and 28 [Ill. Rev. Stats. 1957, ch. 98, §§ 36, 44, 48] of the Negotiable Instrument Law, and contends that the more specific provisions of that act prevail over the general provisions of the Civil Practice Act. Counsel for the estate contend that the executor's denial that Mandel Herr made or delivered the note, on her information and belief, was sufficient under section 35 of the Civil Practice Act and effective to destroy the presumptions of execution and delivery of the note; and that there was no evidence of delivery of the note.

Section 35 (2) of the Civil Practice Act (Par. 35, Ch. 110, Ill. Rev. Stat. 1955), provides that: "The allegation of the execution or assignment of any written instrument is admitted unless denied in a pleading verified by oath, except in cases in which verification is excused by the court. If the party making the denial is not the person alleged to have executed or assigned the instrument, the denial may be made on the information and belief of that party." Claimant suggests that the executor's denial that deceased made the note was frivolous because the evidence discloses that she verified her answer before she ever saw the note. The sufficiency of the executor's verification was not questioned in the trial court. We think the executor's denial on information and belief was in compliance with section 35 of the Practice Act and was sufficient to cast upon claimant the burden of proving execution and delivery of the note.

536

Section 35 (2) of the Civil Practice Act is a re-enactment of section 52 of the Practice Act of 1907. In Bippus v. Vail, 230 Ill. App. 633, 635, the court said: "The proposition set forth in section 52 of our present Practice Act has long been the law of this state. It was section 33 of the Laws of 1872, and the substance of the present section was section 14 of the Practice Act in the Revised Statutes of 1845. . . . It first appeared as the last part of section 12 of an 'Act Concerning Practice in Courts of Law', approved January 29, 1827. . . . It has been held repeatedly that a verified plea, filed under the provisions of section 52, denying execution of an instrument sued on, will have that effect and will put the plaintiff to the burden of making proof of execution, or of delivery, if that is the matter denied by the verified plea, as a part of his prima facie case."

In Halladay v. Blair, 223 Ill. App. 609, 612, this court, referring to sections 16, 24 and 28 of the Negotiable Instrument Law, said that neither of these sections "have any application to a proceedings of this kind where an affidavit is filed denying the execution and delivery of a note. Under the circumstances presented by this case there is no presumption arising from the fact of possession. Such an affidavit not only destroys all of the presumptions that would otherwise have been indulged with respect to ownership and delivery of negotiable instruments but it casts upon the claimant the necessity to prove the same as in a contested case at common law."

Claimant relies upon Woltzen v. Wieman, 168 Ill. App. 220, 223, wherein this court said that section 52 of the Practice Act went into effect on the same day that section 16 of the Negotiable Instrument Law became effective, and that: "This provision is more specific than section 52 of the Practice Act, and where two inconsistent provisions become the statute law at the same time, the specific prevails over the general.

Accordingly we hold that the 'execution' referred to in section 52 of the Practice Act, required to be proved by appellee because of appellant's affidavit, is modified so that it no longer requires proof of delivery where the instrument is not in the possession of the signer." Apparently the decision in Woltzen v. Wieman was not considered when this court rendered its opinion in Halladay v. Blair. However, in Bippus v. Vail, 230 Ill. App. 633, 638, the court also said: "Delivery is an essential part of the execution of a note. Delivery will be presumed where the note is no longer in the possession of the party whose name appears on it, unless it is expressly denied by verified plea, and when it is the plaintiff will be put to the burden of proving delivery as a part of his prima facie case. The only decision of our courts to the contrary to which our attention has been called or which we have been able to find, is Woltzen v. Wieman, 168 Ill. App. 220, in which it was held that the two sections of the statute, section 16 of the Negotiable Instruments Act and section 52 of the Practice Act, were inconsistent, that the latter was general and the former specific; therefore, to the extent of their inconsistency, the former must be held to supersede the latter. We do not consider these sections as being inconsistent or in conflict. Section 16 merely says that under certain circumstances delivery of a negotiable instrument will be presumed until the contrary is proved. Section 52 says that before anyone will be permitted to deny execution of such an instrument (which includes delivery) such person must file a verified pleading to that effect." We agree with the views expressed in Bippus v. Vail that the sections mentioned are not inconsistent or in conflict, and statements to the contrary in Woltzen v. Wieman are not adhered to.

In the instant case the evidence shows that Mandel Herr signed the note upon which the claim was filed.

But another essential element of claimant's case was that the note had been delivered. That element was denied under oath in the executor's amendment to her answer. Her verified denial of delivery destroyed any presumption created by section 16 of the Negotiable Instrument Law and put the burden of proving delivery upon claimant. The fact that the note was offered and admitted in evidence was no proof of claimant's possession or deceased's delivery of the note (Walsh v. Marvel, 130 Ill. App. 305, 308; Bippus v. Vail, 230 Ill. App. 633, 634).

We conclude that the record here contains no evidence tending to prove delivery of the note; and that defendant's motion for judgment should have been allowed. The judgment of the Circuit Court of DeKalb county is therefore reversed.

Reversed.

DOVE, P. J. and SPIVEY, J., concur.